# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
Assigned On Briefs May 20, 2015

## JEFFERY G. DOUGLAS v. STATE OF TENNESSEE, ET AL.

**Direct Appeal from the Circuit Court for Madison County**
**No. C12278     Paul G. Summers, Judge**

---

**No. W2014-00831-COA-R3-CV – Filed July 14, 2015**

---

The trial court granted motions to dismiss and for summary judgment in favor of defendants. Plaintiff/Appellant appealed. Due to the deficiencies in Appellant's brief on appeal, we conclude that Appellant waived consideration of any issues on appeal and hereby dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Jeffery G. Douglas, Tiptonville, Tennessee, *Pro Se*.

Herbert H. Slatery, III, Attorney General and Reporter, Andrée Blumstein, Solicitor General, and Heather C. Ross, Senior Counsel, Nashville, Tennessee, for the appellees, State of Tennessee - Civil, Judge Donald H. Allen, District Attorney General James G. Woodall, Assistant District Attorney General Shaun A. Brown, and Assistant Public Defender Gregory D. Gookin.

Matthew R. Courtner, Jackson, Tennessee, for the appellee, Danielle Jones, Jackson Police Department.

Timothy G. Wehner and J. Caleb Meriwether, Jackson, Tennessee, for the appellee, Lisa Piercey, M.D.

## I. Facts & Procedural History

Plaintiff/Appellant Jeffery G. Douglas was convicted of rape and sexual battery by a Madison County jury. His conviction was affirmed by the Tennessee Court of Criminal Appeals. *See State v. Douglas*, No. W2010-00986-CCA-R3-CD, 2011 WL 915052 (Tenn. Ct. Crim. App. Mar. 16, 2011), *perm. app. denied* (Tenn. May 25, 2011). After the Tennessee Supreme Court declined to hear Appellant's criminal appeal, he filed the underlying action against the State of Tennessee, Madison County Circuit Court Judge Donald H. Allen, thirteen "Jane/John Doe" jurors, the District Attorney General, the Assistant District Attorney General, the Public Defender (collectively, "State defendants"), Danielle Jones, who was a Jackson Police Department investigator, the victim, the victim's mother, a witness for the victim, and Dr. Lisa Piercey, who was also a witness for the State.[2] Appellant's complaint, although far from a model of clarity, asserts that the defendants "having been guilty of the following wrongs, all which proximately resulted in torts to Plaintiff: (1) In knowingly or negligently represented malicious prosecution, (2) In knowingly or negligently failure to disclose the truth, (3) Emotional Distress, (4) Psychological Injuries, (5) Intangible, (6) Loss of Society Damages, (7) Actual Damages." The complaint goes on to include words such as "extortion," "intentional or reckless infliction of emotional distress," and "conspiracy." However, the complaint does not contain a single fact underlying Appellant's claims.

The case was removed to the United States District Court for the Western District of Tennessee and was then remanded back to the Madison County Circuit Court on or about September 5, 2013. On October 3, 2013, the State defendants filed a Motion to Dismiss arguing, among other things, immunity, failure to state a claim upon which relief may be granted, and expiration of the one-year statute of limitation. On October 8, 2013, Danielle Jones filed a motion for summary judgment and asserted, among other things, failure to assert "facts that articulate a claim for relief," expiration of the one-year statute of limitations, qualified immunity, and failure to state a claim for relief. On October 11, 2013, Dr. Piercey filed a Motion to Dismiss and/or for Summary Judgment. On October 17, 2013, Appellant filed a two page "Counter-Claim Response to All Defendants Motion

---

[1]Rule 10 of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]The record indicates that the jurors, the victim, the victim's mother, and one of the victim's witnesses in the criminal proceeding were never served with process.

to Dismiss and/or for Summary Judgment Lisa Piercey's Motion Filed Oct. 11, 2013." Appellant's October 17, 2013 filing contained no facts and did not respond to the legal arguments raised by the defendants.

On April 11, 2014, after numerous filings from Appellant, the trial court entered an "Order Granting Motions for Summary Judgment and Dismissal." The trial court noted that Appellant failed to "offer sufficient factual allegations necessary to support his claims." The court also determined that "[t]he complaint articulates no cognizable action for relief and, at most, provides legal elements or conclusory statements couched as facts." Nonetheless, the trial court analyzed the defenses raised by the defendants and determined that the Appellant's complaint was filed outside the applicable statute of limitation, that the complaint failed to establish essential elements and alleged non-existent causes of action, and that the State defendants enjoy immunity from suit. Appellant timely appealed.

## II. Discussion

Our ability to review the merits of this appeal is substantially hindered by the state of the brief submitted by Appellant. Briefs submitted to the Tennessee Court of Appeals are governed by Rule 27 of the Tennessee Rules of Appellate Procedure, which provides:

(a) **Brief of the Appellant.** The brief of the appellant shall contain under appropriate headings and in the order here indicated:
(1) A table of contents, with references to the pages in the brief;
(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
(4) A statement of the issues presented for review;
(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
(7) An argument, which may be preceded by a summary of argument, setting forth:
(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including

the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

The brief submitted by Appellant fails to comply with these requirements. It does not contain a table of contents, a table of authorities, a statement of the case, a statement of facts with references to the record, or an argument section containing references to the record or an applicable standard of review. On page thirteen of his seventeen-page brief, Appellant admittedly raises the following five issues:

1. Whether, based on the separation of doctrine causes deliberate indifference,

2. Whether, the Court erred in summary judgement [sic] and dismissal of *Petitioner's* claim,

3. Whether, the Court erred in declining to hold trail [sic] by jury upon proper and timely request,

4. Whether, the Court in declining to *promulgate* a uniform rule assigning to jury trial as of right, and

5. Whether, the Court would err by declining to apply the doctrine of **Res Ipsa Loquitur** Walker v. Bradley County Government, 2014 WL 1493193.

(Emphasis in original.) While Appellant's brief includes a litany of case citations, his brief, much like his original complaint in the trial court, fails to include a single factual allegation upon which this Court can determine the underlying basis for his claims. In fact, were it not for Appellees' briefs, we would not be able to determine any underlying context for Appellant's lawsuit.

As this Court said in *Clayton v. Herron*:

4

Rule 6 of the Rules of the Court of Appeals of Tennessee requires an appellate brief to contain a written argument in regard to each issue on appeal, with a statement of the alleged erroneous action of the trial court, as well as a specific reference to the record where such action is recorded. The Rule further provides,

> No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. R. Ct. App. 6(b).

"'Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue.'" *Forbess v. Forbess*, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) (quoting *Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000)); *see also Tellico Village Property Owners Ass'n, Inc. v. Health Solutions, LLC*, No. E2012-00101-COA-R3-CV, 2013 WL 362815, at *3 (Tenn. Ct. App. Jan. 30, 2013) (*no perm. app. filed*) (quoting *Branum v. Akins*, 978 S.W.2d 554, 557 n.2 (Tenn. Ct. App. 2001)) ("'Where a party makes no legal argument and cites no authority in support of a position, such issue is deemed to be waived and will not be considered on appeal.'") In addition, "Appellants . . . must include in their . . . brief a statement of the issues they desire to present to the court and an argument with respect to each of the issues presented." *Craig v. Hodge*, 382 S.W.3d 325, 334-335 (Tenn. 2012). "[A]n issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)." *Id.* (citing *ABN AMRO Mortg. Grp., Inc. v. S. Sec. Fed. Credit Union*, 372 S.W.3d 121, 132 (Tenn. Ct. App. 2011); *Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002)). "The requirement of a statement of the issues raised on appeal is no mere technicality." *Owen v. Long Tire, LLC*, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011). The appellee is entitled to fair notice of the appellate issues so as to prepare his or her response, and more importantly, "this Court is not charged with the responsibility of scouring the appellate record

for any reversible error the trial court may have committed." *Id.* "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010).

Although we realize the "legal naivete" of a pro se litigant, "we must not allow him an unfair advantage because he represents himself." *Frazier v. Campbell*, No. W2006-00031-COA-R3-CV, 2006 WL 2506706, at *3 (Tenn. Ct. App. Aug. 31, 2006) (citing *Irvin v. City of Clarksville*, 767 S.W.2d 649, 651-52 (Tenn. Ct. App. 1989)). "Pro se litigants who invoke the complex and technical procedures of the courts assume a very heavy burden." *Irvin*, 767 S.W.2d at 652. They are entitled to fair and equal treatment, but they must follow the same substantive and procedural requirements as a represented party, and they may not shift the burden of litigating their case to the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000).

"[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." *Bean*, 40 S.W.3d at 54-55 (citing *Crowe v. Birmingham & N.W. Ry. Co.*, 156 Tenn. 349, 1 S.W.2d 781 (1928)). "[A]ppellate courts may properly decline to consider issues that have not been raised and briefed in accordance with the applicable rules." *Waters v. Farr*, 291 S.W.3d 873, 919 (Tenn. 2009). "We have previously held that a litigant's appeal should be dismissed where his brief does not comply with the applicable rules, or where there is a complete failure to cite to the record." *Commercial Bank, Inc. v. Summers*, No. E2010-02170-COA-R3-CV, 2011 WL 2673112, at *2 (Tenn. Ct. App. July 11, 2011).

*Clayton v. Herron*, No. M2014-01497-COA-R3-CV, 2015 WL 757240, at *2–3, (Tenn. Ct. App. Feb. 20, 2015) (*no perm. app. filed*).

This case presents a similar scenario. While Appellant enumerated five issues on appeal, his brief contains no coherent discussion of those issues, and he provides no citations to the record to support the issues. After the various Appellees noted the deficiencies in Appellant's brief, Appellant filed "Appellant's Additional Pleading to Original Brief." This "Additional Pleading" still does not assert any facts supporting his claimed issues on appeal. Regardless, "[a] reply brief is a response to the arguments of the appellee. It is not a vehicle for raising new issues." *Owens v. Owens*, 241 S.W.3d

478, 499 (Tenn. Ct. App. 2007) (citing Tenn. R. App. P. 27(c); *Denver Area Meat Cutters & Emp'rs Pension Plan v. Clayton*, 209 S.W.3d 584, 594 (Tenn. Ct. App. 2006)). "A reply brief is limited in scope to a rebuttal of the argument advanced in the appellee's brief." *Clayton*, 209 S.W.3d at 594. It would be fundamentally unfair to permit an appellant to advance new arguments in the reply brief, as the appellee may not respond to a reply brief. *Id.*

Because Appellant's brief wholly fails to comply with Rule 27's provisions regarding the content of briefs, we decline to examine the merits of any issues on appeal. Additionally, Tennessee Code Annotated section 27-1-122 allows this Court, *sua sponte*, on determination that an appeal is frivolous, to "award just damages against the appellant, which may include but need not be limited to, costs. . . ." Our review of the record and Appellant's briefing leads us to conclude that this appeal is frivolous. We decline to award damages against the Appellant; however, we designate it as frivolous for purposes of Tennessee Code Annotated section 41-21-807(c).

### III.  Conclusion

For the forgoing reasons, the appeal is dismissed.  Costs of this appeal are taxed to the Appellant, Jeffery G. Douglas.  Because Mr. Douglas is proceeding *in forma pauperis* in this appeal, execution may issue for costs, if necessary.

_____
BRANDON O. GIBSON, JUDGE

7