COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

**April 28, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| BARBARA BRANUM, | ) | C/A NO. 03A01-9709-CH-00418 |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | APPEAL AS OF RIGHT FROM THE |
| | ) | HAMILTON COUNTY CHANCERY COURT |
| | ) | |
| | ) | |
| | ) | |
| CORRINE W. AKINS and | ) | |
| MELVIN L. AKINS, | ) | |
| | ) | HONORABLE R. VANN OWENS, |
| Defendants-Appellees. | ) | CHANCELLOR |

For Appellant

JOHN C. CAVETT, JR.
Cavett & Abbott, PLLC
Chattanooga, Tennessee

For Appellee Corrine W. Akins

R. DEE HOBBS
Bell, Turner & Hobbs
Chattanooga, Tennessee

For Appellee Melvin L. Akins

ROBERT G. NORRED, JR.
Spears, Moore, Rebman &
  Williams
Chattanooga, Tennessee

O P I N I O N

AFFIRMED IN PART
REVERSED IN PART
REMANDED                                              Susano, J.

In this case, we are called upon to determine whether a trustee's past conduct conformed to her fiduciary duty.

This litigation arose out of a conveyance of real property that had been held in trust for the benefit of the plaintiff, Barbara Branum ("Branum"). The trustee, Corrine W. Akins ("Mrs. Akins"), who is also Branum's mother, conveyed the subject property to Branum's brother, Melvin L. Akins ("Larry Akins"). Branum filed suit, alleging that Mrs. Akins had breached her fiduciary duty as trustee and that the conveyance of the trust property constituted a fraudulent transfer. Following a bench trial, the court dismissed Branum's complaint. Branum appealed, raising the following two issues for our consideration:

> 1. Did the trial court apply the correct standard to the actions of the trustee and the recipient of the trust property?
>
> 2. Should the transfer of trust property be set aside?

I.

In 1961, Mrs. Akins and her husband executed a deed conveying the subject property, consisting of a lot and duplex, to Mrs. Akins as trustee for Branum. The trust gives the trustee the power to sell, convey, transfer or encumber the subject property. From 1961 to 1993, the duplex was rented to various tenants, and all income generated from the property was deposited in a joint bank account held in the names of Branum and Mrs. Akins. From time to time, Branum requested and was given various amounts of money by Mrs. Akins from this joint account.

2

In 1993, Mrs. Akins agreed to mortgage the trust property in order to enable Branum to borrow $30,000 from AmSouth Bank. On prior occasions, Branum had requested that she be allowed to use the property as collateral, but Mrs. Akins had refused. On this occasion, however, Branum stated that she needed the money to pay off her children's school loans, and Mrs. Akins relented. While Mrs. Akins was required to sign the deed of trust, there is nothing in the record to indicate that she was required to sign the promissory note to AmSouth.

In 1995, Branum and her husband began experiencing financial difficulties. She fell behind in her payments on the AmSouth loan. According to Steve Taylor, an AmSouth vice president who testified at trial, the loan had approximately 147 days of interest due as of late July, 1995. Taylor also testified that by the time a loan becomes 90 days past due, AmSouth generally starts its consideration of foreclosure. The record also reflects that Mrs. Akins had been monitoring the status of the loan, but that Branum had cut off her mother's access to such information in June, 1995.

On approximately July 25, 1995, Mrs. Akins conveyed the trust property to Branum's brother, Larry Akins. At that time, AmSouth had not yet commenced foreclosure proceedings on the property; nevertheless, Mrs. Akins testified as follows:

> I was about to lose the property. I couldn't get a loan. I was desperate. I had to do something, and I had to do it in a hurry.

3

Mrs. Akins first offered to sell the property to her other daughter, Jeannette Walker, but she was not interested. Mrs. Akins then offered it to her son. According to a real estate appraiser who testified at trial, the property was worth $64,000 as of July, 1995. Larry Akins testified that he was aware of the property's value; however, he stated that he only reluctantly agreed to purchase it from his mother. Mrs. Akins agreed to transfer the property to her son in return for his commitment to pay off his sister's loan. Branum was unaware of the transfer.

To fund his purchase of the property, Larry Akins borrowed some $41,600 from a bank. He gave that bank a deed of trust on the property. A portion of the proceeds from the new loan were paid to AmSouth to satisfy Branum's loan, which at that time amounted to $29,392.25. Other than being relieved of this obligation, Branum received nothing from the transfer; nor did she receive any further income from the property.

In September, 1995, Branum learned for the first time of the conveyance of the trust property. Shortly thereafter, she filed this action against her mother and brother, alleging that Mrs. Akins had breached her duty as trustee and that Larry Akins had fraudulently obtained title to the property. In her complaint, Branum requested, among other things, that she be awarded a judgment for all proceeds generated by the trust property from 1961 to the present, plus interest; that the conveyance be set aside; and that she be awarded punitive damages of $150,000 against the defendants. Following a bench trial, the trial court found as follows:

4

> ...the Court is of the opinion that the
> trustee had to exercise reasonable diligence
> and try to preserve the property, and if [it]
> had to be sold to try and obtain a reasonable
> price.
>
> *     *     *
>
> [Mrs. Akins is] elderly, only an eighth grade
> education.  She's not very sophisticated.
> And the Court believes that she probably had
> an unjustified fear of mortgaging the
> property or loaning the property.  But the
> Court cannot say or believe that such was bad
> faith in any way on her part to have such a
> fear.

The trial court reasoned from this lack of bad faith that Mrs. Akins had not breached her duty as trustee.  It also found that Larry Akins had not violated any legal duty to Branum.  The trial court therefore dismissed Branum's complaint in its entirety, and this appeal followed.

Branum argues that the trial court applied the incorrect standard to Mrs. Akins' actions, and that it erred in failing to set aside the transfer of the trust property.[1]  Mrs. Akins defends the decision of the trial court, arguing that because she acted honestly and, according to her, with ordinary prudence under the circumstances, she is not subject to liability for any errors in judgment.  She further contends that Branum should not be heard to complain regarding the transfer, because Branum insisted that the property be mortgaged, misrepresented the purpose of the loan, failed to make the loan payments as they came due, and concealed the status of the loan.  Larry Akins

---

[1]In her brief, Branum contends that the transfer of the trust property was in part precipitated by Larry Akins' alleged desire to satisfy debts owed to him by Branum's husband.  We find the record to be devoid of any evidence to support this theory.

5

echoes these arguments, insisting that his mother was reasonably concerned about losing the trust property, and that the evidence does not support a cause of action against him.[2]

## II.

Our review of this non-jury case is *de novo* upon the record of the proceedings below; however, that record comes to us with a presumption that the trial court's factual findings are correct. Rule 13(d), T.R.A.P. We must honor this presumption unless we find that the evidence preponderates against the trial court's findings. *Id.; Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993); *Old Farm Bakery, Inc. v. Maxwell Assoc.*, 872 S.W.2d 682, 684 (Tenn.App. 1993). The trial court's conclusions of law, however, are not afforded the same deference. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996); *Presley v. Bennett*, 860 S.W.2d 857, 859 (Tenn. 1993).

## III.

Given that they are closely related, we will address Branum's two issues together.

---

[2]In his brief, Larry Akins also states that the trial court's decision can be sustained on two alternate theories not addressed in its memorandum opinion. Specifically, he suggests that the subject trust was a Totten trust, and that Branum is estopped from recovery by virtue of her own actions. His brief does not develop these theories or contain any authority to support this position, as required by Rule 27(a), T.R.A.P. Where a party makes no legal argument and cites no authority in support of a position, such issue is deemed waived and will not be considered on appeal. *See Wilhite v. Brownsville Concrete Co.*, 798 S.W.2d 772, 775 (Tenn.App. 1990); *State ex rel. Dep't of Transp. v. Harvey*, 680 S.W.2d 792, 795 (Tenn.App. 1984).

6

Generally speaking, a trustee is under a duty to act in good faith, with due diligence, and with at least such care and skill as a person of ordinary prudence would exercise in dealing with his or her own property. *Knox County v. Fourth & First Nat'l Bank*, 182 S.W.2d 980, 984 (Tenn. 1944); *Gibson County v. Fourth & First Nat'l Bank*, 96 S.W.2d 184, 192 (Tenn.App. 1936). A breach of trust occurs when the trustee violates any duty that he or she owes to the beneficiary of the trust. *Id.* The general rule is that "a trustee is not liable for mere errors of judgment, when acting honestly with ordinary prudence within the limits of the trust." *Id.*

In her brief, Mrs. Akins cites the case of *Alexander v. Nelson*, 825 S.W.2d 106 (Tenn.App. 1991), for two propositions, *i.e.*, (1) that trustees are not always required to receive fair market value for the property they sell, and (2) that each case must be considered in light of its own circumstances. *Id.* at 108. While we agree that *Alexander* so holds, we would point out that in the *Alexander* case, this Court went on to hold that the trial court had properly set aside the trustee's sale of trust property for less than half of its value, despite the fact the trustee in that case had been vested with broad discretion to sell the property "[f]or such price and upon such terms as he thinks best." *Id.* at 107, 108-09.

In the instant case, the record contains no proof that Mrs. Akins acted less than honestly in transferring the trust property to her son. However, we cannot say that she satisfied

7

the other aspect of her obligation as trustee, *i.e.*, to act with "ordinary prudence." *Gibson County*, 96 S.W.2d at 194. Although Branum was delinquent in her loan payments and foreclosure was certainly a real possibility, there is no evidence that foreclosure proceedings had been instituted or that Mrs. Akins was under any specific deadline by which she had to sell the property. There is also no evidence to indicate that Mrs. Akins made *any* effort, prior to the conveyance, to ascertain the fair market value of the property; nor did she make any investigation regarding potential buyers outside the family. It is clear that Mrs. Akins had a strong desire to keep the subject property in the family; however, this desire is not a sufficient legal basis to justify transferring this trust property to her son for an amount far less than its fair market value.

As indicated earlier, the proof shows that the subject property was worth approximately $64,000, substantially more than the benefit received by Branum as a result of the sale. In fact, the only benefit that Branum received out of the transfer to her brother was the payment of her outstanding indebtedness on the AmSouth loan -- some $29,000 plus. By this conveyance, the trustee deprived her daughter/beneficiary of the remaining equity in the property, as well as any future income it might generate.[3] Under these circumstances, we find that the evidence preponderates against the trial court's finding that Mrs. Akins satisfied her obligations as trustee for Branum's benefit. While Mrs. Akins may have acted in good faith, as found by the trial

---

[3]The record indicates that rentals of the property over the years in question had produced income of approximately $63,000.

8

court, good faith is not the only criteria by which a trustee's actions are measured. In this instance, we find that Mrs. Akins did not act with "ordinary prudence" when she transferred the property to her son for an amount well below its fair market value.

We do not fault Mrs. Akins' decision to pursue a sale of the subject property. With foreclosure a distinct possibility, Mrs. Akins acted reasonably when she decided to sell the property; however, she did not act reasonably in the way she went about the sale. We find and hold that Mrs. Akins' failure to first ascertain the fair market value of the subject property, coupled with her apparent insistence on selling the property to a family member, constitute conduct at variance with such care and skill as a person of ordinary prudence would exercise in dealing with his or her own property. *See* **Knox County**, 182 S.W.2d at 984; *see also* **Gibson County**, 96 S.W.2d at 192. It is clear that Mrs. Akins did what she considered appropriate in order to keep the property "in the family"; but her obligation as trustee was *not* to maintain the ownership of this property in her immediate family. Her obligation was to act in the best interest of the beneficiary of the trust. We cannot say that she did so in this case. The standard to which Mrs. Akins had to conform is an objective one. Therefore, the trial court's finding, in effect, that Mrs. Akins thought she was doing the "right thing" begs the question. The real issue is what a person acting with "ordinary prudence" would have done. While such a hypothetical person might well have determined that a sale of the property was in the best interest of the beneficiary, we find that such a person

9

would have done more to ensure that she received fair consideration for the property.  When Mrs. Akins' conduct is measured by this objective standard, it is found lacking.

From a review of Branum's brief, it appears that she does not seriously challenge the trial court's dismissal of her claim of fraud or conspiracy on the part of Larry Akins.  In any event, we find, as did the trial court, that the evidence does not support such a claim.

Rule 36(a), T.R.A.P., mandates that we "grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires..."; *see also* **Thornburg v. Chase**, 606 S.W.2d 672, 675 (Tenn.App. 1980).  However, given the record before us, we are not in a position to determine the damages and/or other appropriate remedy to which Branum might be entitled.  Accordingly, we remand this matter to the trial court to fashion an appropriate judgment under the pleadings, consistent with this opinion, for Mrs. Akins' breach of trust.  We affirm so much of the trial court's judgment as dismisses the plaintiff's claim for fraud.  The remainder of the judgment is reversed.  Costs on appeal are taxed to the appellee Mrs. Akins.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.

10

_____
William H. Inman, Sr.J.