IN THE COURT OF APPEALS
AT KNOXVILLE

**FILED**

**February 3, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

BARBARA BRANUM                    )    HAMILTON COUNTY
                                  )    E1999-00865-COA-R3-CV
        Plaintiff-Appellant       )
                                  )
                                  )
        v.                        )    HON. W. FRANK BROWN, III,
                                  )    CHANCELLOR
                                  )
CORRINE W. AKINS and              )
MELVIN L. AKINS                   )
                                  )
        Defendant-Appellee        )    AFFIRMED AND REMANDED


JOHN C. CAVETT, JR., OF CHATTANOOGA FOR APPELLANT

ROBERT G. NORRED OF CHATTANOOGA FOR APPELLEES


O P I N I O N


                                        Goddard, P.J.


        This is a suit wherein the Plaintiff Barbara Brunum,
*inter alia*, seeks to set aside a conveyance by her mother, the
Defendant Corrine W. Akins--who held certain real property in
trust for her--to her brother, Defendant Melvin L. Akins.  The

basis of the suit is that her mother violated her fiduciary duty by conveying the property to her brother and that he was guilty of fraud and conspiracy in accepting the transfer. The only consideration for the transfer was the assumption and payment of a prior secured indebtedness against the property in the amount of $29,392.25. The Trial Court found in favor of the daughter against the mother, awarded damages in the amount of $34,607.75, plus pre-judgment interest at the rate of 10 percent per annum, beginning April 28, 1998, the date our opinion in a prior appeal of this case was filed. The Chancellor dismissed the claim as to the brother. The daughter appeals insisting the Trial Court was in error in not setting aside the transfer. We are of the opinion that the Trial Judge acted properly and affirm the judgment entered.

The facts necessary for disposition of this case are accurately set out in the earlier appeal of this case, the opinion for which is found in 978 S.W.2d 554 (Tenn. Ct. App. 1998). (See Appendix.)

We believe it significant that one of the issues raised in the earlier appeal is whether the deed should be set aside.

2

Specifically, the issue raised according to our first opinion is as follows:

2. Should the transfer of trust property be set aside?

This issue relates to the sole allegation against the brother, i.e., that he "had fraudulently obtained title to the property." 978 S.W.2d at 556. The brother was exonerated in the earlier case. This can be seen from the following in our opinion:

> From a review of Branum's brief, it appears that she does not seriously challenge the trial court's dismissal of her claim of fraud or conspiracy on the part of Larry Akins. In any event, we find, as did the trial court, that the evidence does not support such a claim.

Id. at 558.

It is clear from the foregoing that this Court found in the earlier appeal that the brother was guilty of no wrongdoing and, hence, the conveyance insofar as he was concerned was a valid one. We are persuaded that our earlier opinion and judgment became the law of the case as to that issue. Ladd v. Honda Motor Co., Ltd., 939 S.W.2d 83 (Tenn. Ct. App. 1996).

3

The only issue before the Trial Court on the remand was the "appropriate judgment . . . for Mrs. Akins' breach." <u>Branum</u>, 978 S.W.2d 558. The issue of fraud against the brother was not an open issue on remand.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such further proceedings, if any, as may be necessary and collection of costs below. Costs of appeal are adjudged against Barbara Branum and her surety.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
D. Michael Swiney, J.

4

In 1961, Mrs. Akins and her husband executed a deed conveying the subject property, consisting of a lot and duplex, to Mrs. Akins as trustee for Branum. The trust gives the trustee the power to sell, convey, transfer or encumber the subject property. From 1961 to 1993, the duplex was rented to various tenants, and all income generated from the property was deposited in a joint bank account held in the names of Branum and Mrs. Akins. From time to time, Branum requested and was given various amounts of money by Mrs. Akins from this joint account.

In 1993, Mrs. Akins agreed to mortgage the trust property in order to enable Branum to borrow $30,000 from AmSouth Bank. On prior occasions, Branum had requested that she be allowed to use the property as collateral, but Mrs. Akins had refused. On this occasion, however, Branum stated that she needed the money to pay off her children's school loans, and Mrs. Akins relented. While Mrs. Akins was required to sign the deed of trust, there is nothing in the record to indicate that she was required to sign the promissory note to AmSouth.

In 1995, Branum and her husband began experiencing financial difficulties. She fell behind in her payments on the AmSouth loan. According to Steve Taylor, an AmSouth vice president who testified at trial, the loan had approximately 147 days of interest due as of late July, 1995. Taylor also testified that by the time a loan becomes 90 days past due, AmSouth generally starts its consideration of foreclosure. The record also reflects that Mrs. Akins had been monitoring the status of the loan, but that Branum had cut off her mother's access to such information in June, 1995.

On approximately July 25, 1995, Mrs. Akins conveyed the trust property to Branum's brother, Larry Akins. At that time, AmSouth had not yet commenced foreclosure proceedings on the property; nevertheless, Mrs. Akins testified as follows:

I was about to lose the property. I couldn't get a loan. I was desperate. I had to do something, and I had to do it in a hurry.

Mrs. Akins first offered to sell the property to her other daughter, Jeannette Walker, but she was not interested. Mrs. Akins then offered it to her son. According to a real estate appraiser who testified at trial, the property was worth $64,000 as of July, 1995. Larry Akins testified that he was aware of the property's value; however, he stated that he only reluctantly agreed to purchase it from his mother. Mrs. Akins agreed to transfer the property to her son in return for his commitment to pay off his sister's loan. Branum was unaware of the transfer.

To fund his purchase of the property, Larry Akins borrowed some $41,600 from a bank. He gave that bank a deed of trust on the property. A portion of the proceeds from the new loan were paid to AmSouth to satisfy Branum's loan, which at that time amounted to $29,392.25. Other than being relieved of this obligation, Branum received nothing from the transfer; nor did she receive any further income from the property.

In September, 1995, Branum learned for the first time of the conveyance of the trust property. Shortly thereafter, she filed this action against her mother and brother, alleging that Mrs. Akins had breached her duty as trustee and that Larry Akins had fraudulently obtained title to the property. In her complaint, Branum requested, among other things, that she be awarded a judgment for all proceeds generated by the trust property from 1961 to the present, plus interest; that the conveyance be set aside; and that she be awarded punitive damages of $150,000 against the defendants.