IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 20, 2016 Session

## W & H LLC, ET AL. v. COMMUNITY BANK N.A. v. WILLIE NELSON

**Appeal from the Chancery Court for Shelby County**
**No. CH1106821     Walter L. Evans, Chancellor**

———————————————————

**No. W2015-00878-COA-R3-CV – Filed January 29, 2016**
———————————————————

The trial court entered a final judgment confirming an arbitration award in favor of the appellee. Appellants appealed. Due to deficiencies in the appellants' brief to this Court, we conclude that they have waived their issues on appeal. The appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the Court, in which BRANDON O. GIBSON, and KENNY ARMSTRONG, JJ., joined.

Ted I. Jones, Memphis, Tennessee, for the appellants, Willie Nelson and W&H LLC.

Robert F. Miller and Allison Kay Moody, Memphis, Tennessee, for the appellee, Community Bank, N.A.

**OPINION**

**Background**

On May 18, 2005, Defendant-Appellee Community Bank, N.A., ("Appellee") loaned Willie Nelson $366,015.00 pursuant to a promissory note ("Nelson Note"), secured by a Deed of Trust, pledging commercial real property located at 3311 Elvis Presley Boulevard in Memphis, Tennessee ("EP property") as collateral. Mr. Nelson subsequently renewed the Nelson Note on April 21, 2008. Nearly a year later, on March 9, 2009, Mr. Nelson transferred

the EP property via quitclaim deed to W&H LLC[1] (together with Mr. Nelson, "Appellants")[2] but allegedly failed to provide notice of the transfer to Appellee. The Deed of Trust for the EP property contained a Due on Sale clause that required the entire balance of the debt be immediately due and owing (at Appellee's option) upon sale of the EP property.

In April 2010, Mr. Nelson made his last payment toward the Nelson Note and subsequently defaulted on the loan. Eventually, on December 29, 2010, Appellee conducted a foreclosure sale of the EP property.[3] Prior to the foreclosure sale, Community Bank sent two letters to Mr. Nelson noticing him of his default on the Nelson Note and Appellee's intent to foreclose on the property. Both letters were mailed to Mr. Nelson's Post Office Box in Mississippi, which is the address listed for Mr. Nelson in the Nelson Note, its 2008 renewal, and the EP property's Deed of Trust. Additionally, the foreclosure sale was advertised in the Daily News, a daily newspaper in Shelby County, Tennessee, that is qualified to publish public notices, for three consecutive weeks on December 7, 2010,[4] December 14, 2010, and December 21, 2010. The property sold at public auction for $325,000.00.

On April 20, 2011, Appellants filed a Petition to Set Aside Trustee's Sale and for Injunctive Relief in the Shelby County Chancery Court. Appellants requested that the trial court set aside the foreclosure sale and permit Appellants to cure the default on the loan secured by the EP property.

On May 25, 2011, Appellee filed a motion to dismiss or stay the proceedings and refer the case to arbitration based on the contractual agreement between the parties. On November 18, 2011, the trial court entered a consent order staying the proceedings[5] and referring the case to arbitration. Appellants filed their complaint to the Arbitrator on March 30, 2012, challenging Appellee's actions in connection with the foreclosure of the EP property. On April 16, 2012, Appellee filed an answer and counter-complaint alleging that Mr. Nelson and the other businesses in which he had an ownership interest had defaulted on a separate group of loans that had been consolidated into a single note ("Master Note"); that the property securing the Master Note had been foreclosed; and that Mr. Nelson was individually liable

---

[1] Appellants' petition to set aside the foreclosure sale filed in this case indicates that Mr. Nelson is the "Managing Member" of W&H LLC.

[2] Appellees argue that Mr. Nelson is the sole appellant in this appeal because neither of the two notices of appeal filed include W&H LLC as a party on appeal. Because we are dismissing this appeal, we need not decide this issue. However, for purposes of this appeal, we will refer to the plural Appellants.

[3] Throughout these proceedings, it does not appear that Mr. Nelson has ever challenged the underlying debt owed under the Nelson Note.

[4] The first publication occurred twenty-two days prior to the foreclosure on the property.

[5] On August 31, 2012, the trial court lifted the stay of the proceedings for the limited purpose of permitting the parties to issue subpoenas for depositions.

for the remaining balance of approximately $661,000.00. Appellants filed an answer to the counter-complaint, denying the material allegations contained therein. The parties proceeded to an arbitration hearing. After opening statements, Appellants raised the issue of whether the claims raised by Appellee in its counter-complaint were properly before the Arbitrator. The case was then referred back to the trial court to clarify the scope of arbitration. The trial court entered an order on November 8, 2012, stating that "all of the matters and issues in the pleadings and court papers submitted or filed in the arbitration proceedings are to be heard by the arbitrator."

Subsequently, the parties proceeded again to an arbitration hearing. The Arbitrator conducted hearings on September 17, 2013, and October 16, 2013. Mr. Nelson alleged that the foreclosure sale was improper because he did not receive notice of the foreclosure. The Arbitrator disagreed, and on June 9, 2014, the Arbitrator issued his written decision finding that the foreclosure was proper. The Arbitrator also found that it was undisputed that Mr. Nelson and his businesses had defaulted on several loan obligations owed to Appellee. In his Decision, the Arbitrator denied all claims asserted by Appellants and held that Mr. Nelson was individually liable to Appellee for the balances remaining on the Nelson Note and the Master Note in the amount of $711,889.58, as of October 17, 2013, plus the per diem rate of interest and $53,305.30 in attorney's fees.

On June 13, 2014, Appellee filed a motion requesting the trial court confirm the arbitration award and enter final judgment. On October 27, 2014, the trial court granted Appellee's motion in part in a written order, finding that the Arbitrator's decision should be "confirmed in all respects, except as to the award of attorney['s] fees[.]" The trial court referred the case back to the Arbitrator "for a determination of whether the award of attorney['s] fees was appropriate under the circumstances of this case."

On February 1, 2015, the Arbitrator issued an Addendum to his decision, finding that the award of attorney's fees to Appellee was appropriate and awarding a total recovery of attorney's fees and expenses in the amount of $53,305.30. Appellee filed a motion to confirm the addendum to the Arbitrator's Decision on February 12, 2015, which the trial court granted on March 4, 2015. In the final order, the trial court entered judgment in favor of Appellee against Mr. Nelson individually in the total amount of $796,705.42, including attorney's fees, expenses, and interest.

Appellants timely appealed.

**Issues**[6]

---

[6] Oral argument in this case was conducted on January 20, 2016. However, counsel for Appellants did not appear. Appellants' counsel subsequently sent the Court a letter explaining that the date for oral argument had been mistakenly placed on his calendar for the following day.

Appellants raise one issue on appeal: whether the trial court erred in confirming the Arbitrator's award as to monetary damages and attorney's fees?

Appellee raises two additional issues, as taken from its brief:

> 1. Whether Appellant[s] ha[ve] waived [their appeal] because [they] failed to cite to the record, failed to set forth the relevant facts, and failed to otherwise comply with the Tennessee Rules of Appellate Procedure and the Rules of the Tennessee Court of Appeals.
>
> 2. Whether Appellee is entitled to frivolous appeal damages.

**Analysis**

Unfortunately, our review of the issues presented in this appeal is substantially hindered because Appellants' brief is woefully deficient. Rule 27 of the Tennessee Rules of Appellate Procedure specifically provides that an appellant's brief "shall contain":

> (1) A table of contents, with references to the pages in the brief;
>
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
>
> (3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
>
> (4) A statement of the issues presented for review;
>
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
>
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
>
> (7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of

> review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);
>
> (8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a). Similarly, Rule 6 of the Rules of the Court of Appeals of Tennessee requires an appellate brief to include a written argument addressing the issues appealed, a statement of the trial court's allegedly erroneous action, and a specific reference to the record where the action is recorded. Rule 6 further provides:

> No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. R. Ct. App. 6(b).

The brief submitted by Appellants fails to comply with these requirements. Appellants described the record as "substantial,"[7] yet failed to include any citations to the record in their fact section, which includes only five sentences. Indeed, Appellants' factual recitation contains no actual facts regarding the circumstances involved in the transfer of the property to W&H LLC, the alleged default, or the foreclosure sale. With regard to the few allegations that are contained in Appellants' statement of facts, none are supported by an appropriate reference to the record, as required by Rule 27(a)(6). Appellants' brief also omits a section detailing the applicable standard of review, an important requirement given the limited review involved in arbitration awards. *See **Arnold v. Morgan Keegan & Co.***, 914 S.W.2d 445, 450 (Tenn. 1996) ("Judicial review of arbitration decisions is statutorily limited, and any judicial review must be conducted within those limits."). Appellants' brief admittedly contains two citations to the record in the argument section; however, the second citation cites to "See Exhibit 2, Complaint for Breach of Contract and Money Damages." From our review, however, no such document exists in the exhibits submitted to this Court on appeal. Furthermore, although Appellants apparently take issue with the arbitrator's ruling that Mr. Nelson would be individually liable on the debt, neither individual liability nor the scope of the arbitrator's authority was specifically raised as an issue on appeal. Finally, we note that while Appellants do cite to Tennessee Code Annotated Section 35-1-101 to support their argument that the foreclosure sale was deficient for failing to comply with the advertising scheme contained therein, Appellants cite no law, statutory or otherwise, that suggests that

---

[7] Despite Appellants' contention that the record was "substantial," the record includes only two volumes of technical record, two volumes of transcript, and one volume of exhibits. Even assuming arguendo the record was voluminous, that does not excuse an appellant from complying with the rules of this Court.

such a failure is sufficient to void a foreclosure sale. Indeed, as pointed out by Appellee, Tennessee Code Annotated Section 35-1-106 specifically provides that: "Should the officer, or other person making the sale, proceed to sell without pursuing the provisions of this chapter, the sale shall not, on that account, be either void or voidable."[8]

Although this Court has thoroughly reviewed the record, "[i]t is not the function of the appellate court to research and construct the parties' arguments." *Coleman v. Coleman*, No. 2011-00585-COA-R3-CV, 2015 WL 479830, at *9 (Tenn. Ct. App. Feb. 4, 2015) (citing *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). In *Clayton v. Herron*, No. M2014-01497-COA-R3-CV, 2015 WL 757240, at *3 (Tenn. Ct. App. Feb. 20, 2015), we stated:

> "'Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue.'" *Forbess v. Forbess*, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) (quoting *Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000)); *see also Tellico Village Property Owners Ass'n, Inc. v. Health Solutions, LLC*, No. E2012-00101-COA-R3-CV, 2013 WL 362815, at *3 (Tenn. Ct. App. Jan. 30, 2013) (no perm. app. filed) (quoting *Branum v. Akins*, 978 S.W.2d 554, 557 n.2 (Tenn. Ct. App. 2001)) ("'Where a party makes no legal argument and cites no authority in support of a position, such issue is deemed to be waived and will not be considered on appeal.'") In addition, "Appellants . . . must include in their . . . brief a statement of the issues they desire to present to the court and an argument with respect to each of the issues presented." *Craig v. Hodge*, 382 S.W.3d 325, 334-335 (Tenn. 2012). "[A]n issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)." *Id.* (citing *ABN AMRO Mortg. Grp., Inc. v. S. Sec. Fed. Credit Union*, 372 S.W.3d 121, 132 (Tenn. Ct. App. 2011); *Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002)). "The requirement of a statement of the issues raised on appeal is no

---

[8] Only in Appellants' reply brief do they consider this statute, in essence arguing that it is unconstitutional. The Tennessee Supreme Court has noted, however, that the failure to provide notice of a constitutional challenge to the Attorney General as mandated by Tennessee Code Annotated § 29-14-107 and Rule 24.04 of the Tennessee Rules of Civil Procedure is fatal "except to the extent the challenged statutes are so clearly or blatantly unconstitutional as to obviate the necessity for any discussion." *In re Adoption of E.N.R.*, 42 S.W.3d 26, 28 (Tenn. 2001). Nothing in the record suggests that notice of a constitutional challenge was ever given to the Attorney General. Moreover, Tennessee Code Annotated Section 35-1-106 is not clearly or blatantly unconstitutional. Therefore, any argument that Tennessee Code Annotated Section 35-1-106 is unconstitutional is also waived on appeal.

mere technicality." ***Owen v. Long Tire, LLC***, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011). The appellee is entitled to fair notice of the appellate issues so as to prepare his or her response, and more importantly, "this Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed." ***Id.*** "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." ***Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010).

After Appellee's brief referenced the deficiencies in Appellants' brief, Appellants filed a reply brief. The reply brief includes more citations to authority but does little to correct the other various deficiencies discussed above. Still, a "reply brief is a response to the arguments of the appellee. It is not a vehicle for raising new issues." ***Owens v. Owens***, 241 S.W.3d 478, 499 (Tenn. Ct. App. 2007) (citing Tenn. R. App. P. 27(c). Permitting an appellant to advance new arguments in a reply brief not addressed in the initial brief "would be fundamentally unfair as the appellee may not respond to a reply brief." ***Denver Area Meat Cutters & Employers Pension Plan v. Clayton***, 209 S.W.3d 584 (Tenn. Ct. App. 2006). Accordingly, Appellants' reply brief does not rectify the deficiencies present in their initial brief.

We recognize that there are times when this Court, in the discretion afforded it under Rule 2 of the Tennessee Rules of Appellate Procedure, may waive the briefing requirements to adjudicate the issues on their merits. Here, in light of Appellants' declination to explain to this Court the facts and legal concerns surrounding this appeal, we decline to soldier on. *See* ***Pandey v. Shrivastava***, No. W2012-00059-COA-R3-CV, 2013 WL 657799, at *5 (Tenn. Ct. App. Jan. 24, 2013) (noting that, despite deficiencies in the record, we are sometimes able to "soldier on" to review a case upon its merits, where the issues are sufficiently clear).

Based on the foregoing, we decline to address the merits of any issue on appeal. Additionally, Appellee has requested this Court determine that Appellants' appeal is frivolous and award damages pursuant to Tennessee Code Annotated Section 27-1-122. Section 27-1-122 provides that:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need

not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

The decision to award damages for the filing of a frivolous appeal rests solely in the discretion of this Court. *See Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985). "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." *Indus. Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (citing *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202 (Tenn. 1978)). Based on our review of the record and Appellants' woefully deficient brief, we conclude that this appeal is frivolous. Accordingly, we remand this case to the trial court for a determination of the award for frivolous appeal damages.

All other issues are pretermitted.

## Conclusion

The appeal is hereby dismissed. This cause is remanded for the determination of Appellee's reasonable and necessary attorney's fees incurred in responding to this appeal. Costs of this appeal are taxed to the Appellants W&H LLC and Willie Nelson, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE