IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 3, 2018

## REGIONS MORTGAGE ET AL. V. JOSEPH WILLIE BROWN ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-000531-17     Jerry Stokes, Judge**

_____

### No. W2017-00605-COA-R3-CV

_____

This appeal arises from a marathon of litigation, as many as eleven separate civil actions, all of which pertain to the defendants' former property in Eads, Tennessee that Regions Mortgage, Inc. ("Regions") purchased at a foreclosure sale in 2013. *See Brown v. AmSouth Bank*, No. W2016-02596-COA-R3-CV, 2018 WL 1319169, at \*1-2 (Tenn. Ct. App. Mar. 14, 2018). At issue here is the grant of a writ of possession to Regions by the General Sessions Court of Shelby County in a forcible entry and detainer action, which decision the defendants appealed to the circuit court. When the circuit court dismissed the appeal for lack of subject matter jurisdiction, the defendants appealed to this court. Due to profound deficiencies with the defendants' brief, specifically the failure to comply with Rule 6 of the Rules of the Court of Appeals of Tennessee, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Dismissed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which CHARLES D. SUSANO JR. and BRANDON O. GIBSON, JJ., joined.

Joseph Willie Brown and Kimerly W. Brown, Eads, Tennessee, pro se.

Randall D. Noel, Jonathan T. Skrmetti, Memphis, Tennessee, for the appellee, Regions Mortgage, Inc.

### MEMORANDUM OPINION[1]

_____

[1] Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum

(continued…)

Joseph and Kimerly Brown ("the Browns") purchased a home in Eads, Tennessee in 2003 and stopped paying on the mortgage in October 2010. *See Brown*, 2018 WL 1319169, at *1. Regions initiated foreclosure proceedings, and the Browns filed a complaint in chancery court to contest the foreclosure, the first of eleven actions filed in seven different courts. *Id.* Though this case is concerned solely with an appeal from the Shelby County General Sessions Court to the Shelby County Circuit Court, we will briefly summarize the relevant procedural history, which involves actions filed in other courts, to provide context.

When Regions first attempted to foreclose on the Eads property, the Browns filed suit in Shelby County Chancery Court. Regions removed the case to the United States District Court for the Western District of Tennessee. *Id*. at *2. The case was mediated, and Regions and the Browns entered into a settlement agreement. *Id.* Pursuant to the settlement agreement, the Browns agreed to pay Regions $590,000 within ninety days to satisfy their debt. *Id.* If the Browns failed to pay that sum, Regions could and would proceed with foreclosure, and the Browns would not "contest foreclosure proceedings." *Id*.

When the Browns failed to make the required payment, they elected to contest the validity of the settlement agreement in the District Court. *Id*. After the District Court found the settlement agreement valid and enforceable, the Browns appealed to the Sixth Circuit Court of Appeals, and the Sixth Circuit affirmed the District Court's ruling. *Id.* Based on the Sixth Circuit's ruling, Regions foreclosed on the Eads property, and Regions purchased the property at the foreclosure sale in 2013. *Id*.

Thereafter, the District Court issued an order authorizing Regions to proceed with the forcible entry and detainer process in state court. *Id*. When Regions sought to obtain possession of the property, and thereby remove the Browns from the property, the Browns once again obtained a stay in a Shelby County General Sessions Court proceeding. *Id*.

In 2015, Regions renewed its action for the forcible entry and detainer warrant in general sessions court to which the Browns responded by commencing an action in the Shelby County Chancery Court, pursuant to an ex parte petition for a temporary restraining order and a complaint to again contest the foreclosure proceedings they agreed not to contest. *Id*. The chancery court granted Region's motion to dismiss, recognizing that the claims were based upon alleged "deficiencies in Regions' foreclosure," and that

---

opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

dismissal was required "by virtue of collateral estoppel and res judicata." *Id.* The Browns appealed to this court, and we affirmed the chancery court's decision. *Id*. at *4.

After the chancery court dismissed the case, Regions prevailed in the Shelby County General Sessions Court and obtained a judgment of possession against the Browns on January 18, 2017. The Browns then timely appealed that decision to the Shelby County Circuit Court and filed an affidavit of indigence and proceeded on a pauper's oath to avoid a cost bond. Although the Browns continued to occupy the Eads property, they did not post a possession bond to stay the general sessions court decision. *See* Tenn. Code Ann. § 29-18-130(b)(2).

Regions filed a motion to dismiss for lack of subject jurisdiction, contending that the Browns had not perfected the appeal because they failed to post a possession bond. The circuit court granted Regions' motion to dismiss, ruling that the Browns "failed to post the bond required by Tennessee Code Annotated § 29-18-130, therefore, this Court lacks the jurisdiction necessary to proceed." The Browns appealed.

## ANALYSIS

Although the circuit court dismissed the Browns' appeal from the general sessions court upon a finding that it lacked subject matter jurisdiction, the Browns ask us to consider only one issue: "Whether the Shelby Court General Sessions Court and Circuit Courts were complicit with [t]he fraudulent actions perpetrated by Regions counsel, Mr. Derek Whitlock of Harkavy & Shainberg, Mr. Phillip Brooks of Shapiro and Kirsch, and Mr. Johnathan Skrmetti of Butler and Snow." We have determined that this issue has been waived; therefore, this appeal should be dismissed.[2]

The Browns summarize the issue as follows:

Mr. Skrmetti, during the June 2016 hearing in the Shelby County Chancery Court, used a fraudulent Deed of Trust to cross examine Mr. Brown on the witness stand. This Deed of Trust was modified to include a legal description which was cut and pasted onto the last page of the Deed of Trust. It should be noted that the original Deed of Trust does not have a legal description on the last page of the Deed of Trust under Instrument No. 05002987 at the Shelby County Register of Deeds office. This matter is

---

[2] Moreover, the Browns' claim that the Deed of Trust was fraudulent was decided in one of their prior cases and the issue is res judicata. *See Brown*, 2018 WL 131969, at *4. "The doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012) (citations omitted). Thus, the claim of fraudulent conduct cannot be challenged in this appeal because the claim is res judicata. *Id.*

currently under appeal with the Tennessee court Docket No. W2016-02596-COA-R3-CV, and could certainly impact and or question, Regions Mortgage rights of possession and ownership of the Brown's home, due to fraudulent actions of their counsel.

.  .  .

The Shelby County Circuit Court's decision to deny Appellant's ability to appeal the General Sessions court's decision, due to Appellant inability to obtain a bond, should be mute due to the fraudulent actions of Mr. Skrmetti in the June 2016, hearing as well as the fraudulent actions of Mr. Brooks, the Substitute Trustee.

The Browns' brief is devoted to arguing that the Deed of Trust to the Eads property was fraudulent; however, the Browns have failed to establish that their claim that the Deed of Trust was fraudulent was at issue in the circuit court proceedings from which this appeal lies, as is required by Rule 6 of the Rules of the Court of Appeals of Tennessee. Rule 6 states in relevant part:

(a) Written argument in regard to each issue on appeal shall contain:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each fact may be found.

(b) No complaint of or reliance upon such action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages or the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument

contains a reference to the page or pages of the record where evidence of such fact is recorded.

The Browns provide no citation to the record showing that they called the alleged "fraudulent Deed of Trust" to the circuit court's attention or that the court considered this issue. It is well-settled in Tennessee that any issue not properly raised in the trial court is waived on appeal. *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983). Therefore, this claim has been waived.

Because the circuit court dismissed the Browns' appeal from the general sessions court upon a finding that it lacked subject matter jurisdiction, that is the only issue we could consider in this appeal; however, the Browns failed to address this issue in their brief. It was incumbent upon the Browns, as the appellants, to identify and state the "alleged erroneous action of the trial court," with citations to the record "showing how such alleged error was seasonably called to the attention of the trial judge" and how the "appellant was prejudiced by such alleged error." Tenn. Ct. App. R. 6; *See Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) (quoting *Branum v. Akins*, 978 S.W.2d 554, 557 n.2 (Tenn. Ct. App. 1972) ("Where a party makes no legal argument and cites no authority in support of a position, such issue is deemed to be waived and will not be considered on appeal."). Because the Browns did not raise the issue as Tenn. Ct. App. R. 6 requires, we will not address it.

We recognize that the Browns appear before this court pro se and have no formal legal training. Nevertheless, "the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

Accordingly, we dismiss the appeal.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Joseph Willie Brown and Kimerly W. Brown.

_____
FRANK G. CLEMENT JR., P.J., M.S.