IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 9, 2021 Session

## YOLANDA BURSE v. LAKESIDE BEHAVIORAL HEALTH ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-2998-20      Robert Samual Weiss, Judge**

_____

**No. W2021-00048-COA-R3-CV**

_____

Appellant appeals the trial court's judgment dismissing her claims against three healthcare entities. Because Appellant's brief substantially fails to comply with Rule 27 of the Tennessee Rules of Appellate Procedure, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J, W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY ARMSTRONG, JJ., joined.

Yolanda Burse, Memphis, Tennessee, Pro se.

Ashley D. Cleek, Jackson, Tennessee, for the appellee, Lakeside Behavioral Health System.

Rebecca Adelman and John D. Woods, III, Memphis, Tennessee, for the appellee, Mid-South Health Net, Inc.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; Robert W. Wilson, Assistant Attorney General, for the appellee, Memphis Mental Health Institute.

## MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it

# I. FACTUAL AND PROCEDURAL HISTORY

Yolanda Burse ("Appellant") filed a pro se civil warrant against Lakeside Behavioral Health ("Lakeside"),[2] Memphis Mental Health Institute ("MMHI"), and Mid-South Health Net, Inc. (collectively, "Appellees") in the Shelby County General Sessions Court in February 2020. Therein, she alleged liability for the wrongful death of her son, Cortez Brown, by stabbing on February 9, 2019. Appellant appears to have alleged, *inter alia*, that the man who killed her son had been in the care of Appellees before the stabbing, and that Appellees failed to provide him proper care and breached their duty to her son, causing his death. Appellees filed motions to dismiss. After a hearing on the motions to dismiss on July 14, 2020, the general sessions court granted Appellees' motions, dismissing Appellant's suit "without prejudice" because of "her failure to comply with the pre-suit notice requirement in Tenn. Code Ann. § 29-26-121 . . . and her failure [to] appear and proceed on her suit at the motions hearing."

Appellant appealed to the Shelby County Circuit Court (the "trial court"), where Appellees again filed motions to dismiss. After a hearing on the motions on November 10, 2020, where Appellant appeared pro se, the trial court granted Appellees' motions to dismiss by three separate orders. In each order, the trial court found that the case was governed by the Tennessee Health Care Liability Act, and concluded that Appellant lacked standing because Mr. Brown has a son, and that she failed to provide pre-suit notice and a certificate of good faith. As to MMHI, the trial court also ruled that the claim was barred by sovereign immunity. Appellant appealed.

# II. ISSUES PRESENTED

Appellant does not designate any issues for review. Lakeside raises the following issues, taken from its brief, which Mid-South Health Net, Inc. adopts and incorporates:

A. Whether the trial court correctly dismissed [Appellant's] case based upon her failure to provide pre-suit notice and failure to file a certificate of good faith as required by Tennessee Code Annotated § 29-26-121 and -122.

B. Whether the trial court correctly dismissed [Appellant's] case based upon her lack of standing to bring a wrongful death claim on behalf of her deceased son.

---

shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.
    [2] According to Lakeside, its correct name is UHS of Lakeside, LLC d/b/a Lakeside Behavioral Health System.

MMHI raises the following additional issues, taken from its brief:

> I. Whether the appeal should be dismissed for [Appellant's] failure to file a brief that complies with the Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals.

> II. Whether, in any event, the trial court properly dismissed the complaint against [MMHI] for lack of subject matter jurisdiction.

## IV. DISCUSSION

Unfortunately, our ability to conduct proper appellate review here is hindered by Appellant's failure to comply with Rule 27 of the Tennessee Rules of Appellate Procedure. Rule 27 states, in pertinent part:

> (a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

> (1) A table of contents, with references to the pages in the brief;

> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

> &ast; &ast; &ast;

> (4) A statement of the issues presented for review;

> &ast; &ast; &ast;

> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

> (7) An argument . . . . with citations to the authorities and appropriate references to the record . . . .

Appellant's brief contains virtually none of these mandatory requirements. Appellant's brief contains no table of contents, no table of authorities, and no specific argument section. To the extent that Appellant's brief contains any argument, she does not cite to the record or construct and support her legal arguments with citations to legal authority.[3] Nor does she in any way respond to the trial court's legal bases for granting

---

[3] In her reply briefs, Appellant does cite some statutes and makes some conclusory references to

Appellees' motions to dismiss. Appellant also attached multiple documents to her briefs that were not included in the record on appeal, which we cannot consider. *See Carney v. State*, No. M2006-01740-CCA-R3-CO, 2007 WL 3038011, at \*4 (Tenn. Crim. App. Oct. 17, 2007) (stating that "documents attached to an appellate brief but not included in the record on appeal cannot be considered by this court as part of the record on appeal") (internal citation omitted). Finally, Appellant has not designated a single issue as presented for review. Subject to some exceptions not present here, "[r]eview generally will extend only to those issues presented for review." Tenn. R. App. P. 13(b).

We are mindful of the fact that Appellant is proceeding pro se. Nevertheless, "[w]hile entitled to fair and equal treatment before the courts, a pro se litigant is still required to comply with substantive and procedural law as do parties represented by counsel." *Gilliam v. Gilliam*, No. M2007-02507-COA-R3-CV, 2008 WL 4922512, at \*3 (Tenn. Ct. App. Nov. 13, 2008) (citing *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). As explained by this Court, "[t]he courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at \*3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer*, 138 S.W.3d at 903 (internal citations omitted)). "[T]he courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer*, 138 S.W.3d at 903.

"In order for an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position as required by Tennessee Rules of Appellate Procedure 27(a)." *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001); *see also* Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review."). "'Where a party makes no legal argument and cites no authority in support of a position, such issue is deemed to be waived and will not be considered on appeal.'" *Id.* (quoting *Branum v. Akins*, 978 S.W.2d 554, 557 n.2 (Tenn. Ct. App. 1998)). "Courts have consistently held that issues must be included in the Statement of Issues Presented for Review required by Tennessee Rules of Appellate Procedure 27(a)(4). An issue not included is not properly before the Court of Appeals." *Id.*

We have previously held that such substantial failure to comply with Rule 27 is

---

reasons she is entitled to relief from the trial court's judgment. A reply brief, however, is not a vehicle for correcting the deficiencies in an initial brief. *Augustin v. Bradley Cty. Sheriff's Off.*, 598 S.W.3d 220, 227 (Tenn. Ct. App. 2019); *see also Owens v. Owens*, 241 S.W.3d 478, 499 (Tenn. Ct. App. 2007) ("A reply brief is a response to the arguments of the appellee. It is not a vehicle for raising new issues."); *cf. Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.").

grounds for dismissal of an appeal. *See, e.g.*, **Breeden v. Garland**, No. E2020-00629-COA-R3-CV, 2020 WL 6285300, at \*1 (Tenn. Ct. App. Oct. 27, 2020) ("The appellant's brief significantly fails to comply with Tennessee Rule of Appellate Procedure 27. Accordingly, we find that any issues on appeal are waived and we dismiss the appeal."); **Thomas v. Bank of Am., N.A.**, No. M2015-01849-COA-R3-CV, 2017 WL 2859813, at \*4 (Tenn. Ct. App. July 5, 2017) ("Although we are mindful of Thomas's pro se status and have attempted to give her the benefit of the doubt when possible, we cannot write her brief for her nor can we create arguments or issues for her where her brief fails to contain any coherent argument. Based upon Thomas's failure to comply with Tenn. R. App. P. 27 and R. Tenn. Ct. App. 6, we conclude that Thomas has waived any issues raised, and the appeal should be dismissed."). Therefore, while we are not without sympathy for Appellant's tragic loss and we acknowledge her attempts to proceed pro se, we simply cannot properly review this appeal given the state of the briefing. We therefore agree with Appellee MMHI that Appellant's appeal should be dismissed for failure to comply with Rule 27.

## V. Conclusion

This appeal is dismissed and this cause is remanded to the trial court for all further proceedings as are necessary and consistent with this Opinion. Costs of appeal are taxed to Appellant Yolanda Burse, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE