IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 21, 2018 Session

## RED INK CAMEL COMPANY v. MYRON DOWELL, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 17C381   Kelvin D. Jones, Judge**

————————————————————

### No. M2017-02260-COA-R3-CV

————————————————————

Plaintiff real estate developer appeals the trial court's decision granting summary judgment to the defendants on claims of tortious interference with a contract, inducement of breach of contract, and promissory fraud. Because the plaintiff failed to construct any argument responsive to the stated basis for the trial court's grant of summary judgment, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S, delivered the opinion of the court, in which BRANDON O. GIBSON and KENNY ARMSTRONG, JJ., joined.

Kathy A. Leslie, Nashville, Tennessee, for the appellant, Red Ink Camel Company.

Jean Dyer Harrison, Nashville, Tennessee, for the appellees, Myron Dowell, and Strategic Options International, LLC.

## MEMORANDUM OPINION[1]

### Background

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Plaintiff/Appellant Red Ink Camel Company ("Red Ink") is a real estate developer in Nashville, Tennessee. Kathy A. Leslie is Red Ink's President.[2] On February 17, 2017, Red Ink filed a complaint for damages against Defendants/Appellees Myron Dowell, and his company Strategic Options International, LLC ("Strategic Options" and together with Mr. Dowell, "Appellees") alleging tortious interference with a contract, inducement of breach of contract, and promissory fraud. In support of these claims, Red Ink attached a number of emails and letters to the complaint.

In the complaint, Red Ink alleged that Appellees entered into an agreement with Red Ink to finance the purchase of two properties for redevelopment, known by the parties as the Dickerson Pike properties. According to Red Ink, at the time of this alleged agreement, Red Ink had already bid on and won the right to purchase two groups of properties on Dickerson Pike, both of which contained a finance contingency. Thereafter, Red Ink alleged that Red Ink and Mr. Dowell, on behalf of Strategic Options, orally agreed that Appellees would invest in the venture. In furtherance of the venture, Red Ink informed Appellees of the properties under contract, as well as other properties that Red Ink intended to purchase. When the time for purchase came closer, however, Ms. Leslie became concerned that Appellees would not fulfill their alleged promises. Red Ink thereafter obtained an extension on the closing date of the properties and also contacted Appellees to obtain evidence of Appellees' commitment to the venture. The new closing date was set for June 27, 2014.

On May 21, 2014, Appellees responded with an offer to finance part of the Dickerson Pike properties, with both parties being co-owners; Red Ink counter-offered by email dated May 23, 2014. On May 27, 2014, Appellees rejected Red Ink's counter-offer, but stated that it would stand by the May 21, 2014 offer. No documents were included to show that this offer was ever accepted by Red Ink.

On June 24, 2014, Mr. Dowell informed Red Ink that Appellees would no longer pursue development of the properties with Red Ink due to the "risk of exposure." Without financing, Red Ink's contracts expired when there was no closing on June 27, 2014.[3] Red Ink alleged, however, that Appellees had been negotiating with the seller to independently purchase one of the Dickerson Pike parcels as early as the beginning of June 2014. Thirty days following the expiration of Red Ink's sales contracts,[4] Appellees allegedly purchased one of the Dickerson Pike properties for $50,000.00 more than offered by Red Ink. Red Ink alleged that Appellees' failure to follow through with their alleged agreement to finance the Dickerson Pike property redevelopment caused Red Ink

---

[2] Ms. Leslie is a licensed attorney and represented Red Ink both in the trial court and on this appeal.

[3] Red Ink had signed a document to obtain an extension on one group of properties that waived the financial contingency. Nevertheless, there is no dispute that in light of the lack of financing, the contracts expired and the seller sought no recourse against Red Ink over the failure of the sales contracts.

[4] Red Ink alleged that Appellees' offer caused the seller to refuse any additional extensions.

to sustain damages in the form of lost profits. Red Ink also sought treble damages pursuant to Tennessee Code Annotated section 47-50-109.[5]

Appellees filed an answer on May 5, 2017, denying the material allegations contained in the complaint. In addition, Appellees raised as an affirmative defense that Tennessee's statute of frauds, Tennessee Code Annotated section 29-2-101,[6] barred all of Red Ink's claims due to the lack of written agreement between Red Ink and Appellees to enter into any joint venture concerning the real estate development. Thereafter, Appellees filed a motion for summary judgment, arguing that Red Ink's complaint and the supporting documents attached thereto, failed to state claims for tortious interference with a contract, inducement of breach of contract, and promissory fraud. Appellees attached to their motion both a memorandum of law and a statement of undisputed material facts. In addition to arguing that the documents showed that Red Ink could not prove essential elements of each claim, Appellees asserted that each claim raised in the complaint was barred by the statute of frauds, where there was no written contact evincing an agreement between Red Ink and Appellees to enter into a joint venture for financing of the Dickerson Pike properties. According to Appellees, the documents attached to Red Ink's complaint showed nothing more than negotiations that never came to fruition.

Red Ink filed no specific response to Appellees' motion or memorandum of law, but did respond to Appellees' statement of undisputed material facts, as well as filed its own statement of undisputed material facts. With regard to each fact alleged by Appellees that Red Ink disputed, Red Ink cited only to a declaration made by Ms. Leslie, in her capacity as Red Ink's President, that was filed contemporaneously. Although the declaration was ten pages long, Red Ink did not indicate which page or paragraph was referenced with regard to any of its denials. Moreover, in its own responsive statement of undisputed material facts, Red Ink indicated only in the introductory paragraph that the facts were supported by Ms. Leslie's declaration; none of the forty-six allegations were supported by any specific reference to a supporting document, much less a page or paragraph number. As a result, Appellees objected on the basis that Red Ink's response

---

[5] Section 47-50-109 provides:

It is unlawful for any person, by inducement, persuasion, misrepresentation, or other means, to induce or procure the breach or violation, refusal or failure to perform any lawful contract by any party thereto; and, in every case where a breach or violation of such contract is so procured, the person so procuring or inducing the same shall be liable in treble the amount of damages resulting from or incident to the breach of the contract. The party injured by such breach may bring suit for the breach and for such damages.

[6] Section 29-2-101(a) provides that "No action shall be brought . . . [u]pon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one (1) year" unless the contract is evidenced by a writing signed by the party to be charged. The statute also provides that the requirement of a written contract also applies "against a lender or creditor upon any promise or commitment to lend money or to extend credit[.]" Tenn. Code Ann. 29-2-101(b).

violated Rule 56.03 of the Tennessee Rules of Civil Procedure,[7] as well as local rules governing motion practice.

A hearing on the motion for summary judgment was held on October 6, 2017. No court reporter was present. At the conclusion of the hearing, the trial court orally ruled that it would grant summary judgment in favor of Appellees. Appellees thereafter prepared an order, which was signed by the trial court and filed on October 18, 2017. In the order, the trial court ruled that Red Ink's response to the summary judgment motion violated both the Tennessee Rules of Civil Procedure and the local rules. With regard to Red Ink's inducement to breach a contract, the order provided the following reasoning:

> Red Ink itself had no legal right to rely on anything with Defendants because the statute of frauds prevents the imposition of any legal duty on any party relative to the transfer of interest in a property without a written document. It is undisputed there was no written agreement between the parties. T.C.A. § 29-2-101 (a) and (b) requires a written document for the sale of a property or to bind someone to finance the purchase of the property. Plaintiff's claim for inducement of breach of contract therefore must be dismissed.

The trial court likewise relied on the statute of frauds as fatal to Red Ink's tortious interference and promissory fraud claims. From this order, Red Ink appeals.

### Issues Presented

Red Ink raises two issues, which are taken from its appellate brief:

1. Whether the trial court erred in granting the Appellee's motion for summary judgment.
2. Whether the trial court erred in allowing Appellee to draft the summary judgment order allowing them to make specific findings of facts not stated from the bench.

---

[7] Rule 56.03 provides, in relevant part, that a party defending against summary judgment must respond to the movant's statement of undisputed facts by

> [E]ither (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. **Each disputed fact must be supported by specific citation to the record.** Such response shall be filed with the papers in opposition to the motion for summary judgment.

(Emphasis added).

- 4 -

## Standard of Review

Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts. Tenn. R. Civ. P. 56.04. This Court reviews a trial court's grant of summary judgment de novo with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox. Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

## Analysis

### I.

We begin with Red Ink's assertion that the trial court erred in allowing Appellee to draft the order granting summary. According to Red Ink, the order is not reflective of the trial court's oral ruling. In *Smith v. UHS of Lakeside*, 439 S.W.3d 303 (Tenn. 2014), the Tennessee Supreme Court held that the trial court's judgment, in the context of granting or denying a motion for summary judgment, must be "adequately explained and [] the product of the trial court's independent judgment[,]" whether through an order prepared by the trial court or an oral ruling later memorialized by a party-prepared order. *Id.* at 314. Although judge-prepared orders are preferable, party-prepared orders are permitted when two conditions are met: (1) "'the findings and conclusions must accurately reflect the decision of the trial court'"; and (2) "'the record must not create doubt that the decision represents the trial court's own deliberations and decision.'" *In re Matthew T.*, No. M2015-00486-COA-R3-PT, 2016 WL 1621076, at *5 (Tenn. Ct. App. Apr. 20, 2016). (quoting *Smith*, 439 S.W.3d at 316).

We must conclude, however, that the record on appeal is insufficient to cast doubt as to whether the order at issue represents the trial court's independent judgment. Here, no court reporter was present for the summary judgment hearing in which the trial court made its oral ruling. Red Ink thereafter submitted a statement of the evidence pursuant to Rule 24(c) of the Tennessee Rules of Appellate Procedure. The trial court ruled that the statement of evidence did not comply with Rule 24(c) by order of February 13, 2018. Therein, the trial court ruled that the statement of evidence was not an accurate and complete accounting of the summary judgment hearing. Generally, the trial court's rulings with regard to the completion of the record are conclusive absent extraordinary

cause. *See* Tenn. R. App. P. 24(c) ("Absent extraordinary circumstances, the determination of the trial court is conclusive."). Red Ink has not designated as an issue, nor argued in its brief, that the trial court erred in excluding the proffered statement of the evidence.[8] In the absence of a transcript or statement of the evidence or other proof to the contrary, however, we must presume that the order at issue is reflective of the trial court's ruling.[9] *Cf.* ***In re M.L.D.***, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005) ("In the absence of a transcript or statement of the evidence, we conclusively presume that the findings of fact made by the trial court are supported by the evidence and are correct.").

Moreover, Red Ink has failed to specify what was included in the written order that was not included in the trial court's oral ruling in anything more than the most general sense. Rather, Red Ink appears to take issue with the fact that the order is not a "word for word" recitation of the trial court's ruling, as Red Ink states that Appellees suggest. From our review of the briefs, Appellees do not assert that the order is a verbatim transcript of the trial court's ruling, but rather a recitation of the trial court's ruling created from notes from the trial court's oral decision. Moreover, Tennessee law does not require that orders granting summary judgment be verbatim recitations of the trial court's oral rulings. Rather, a party-prepared order must only accurately reflect the trial court's ruling and be the product of the trial court's independent judgment. ***Smith***, 439 S.W.3d at 314. Red Ink has failed to show that either condition is absent in this case. As such, this issue is without merit.[10]

---

[8] The proffered statement of the evidence is not included in the record on appeal.

[9] We are aware of authority that states that where a statement of the evidence is filed, the trial court may not simply strike the statement, but must resolve any conflicts between the parties and the proof presented. *See* ***Lacy v. HCA Tristar Hendersonville Hosp.***, No. M2015-02217-COA-R3-CV, 2016 WL 4497953, at **2–3 (Tenn. Ct. App. Aug. 25, 2016) (citing ***Bellamy v. Cracker Barrel Old Country Store, Inc.***, 302 S.W.3d 278, 281 (Tenn. 2009)). As such, where "neither party has submitted a statement of the evidence that, in the trial court's opinion, represents a fair, accurate, and complete account of what transpired in the trial court, the trial court may give the parties an opportunity to correct the accuracy of their statements or the trial court may prepare its own statement of the evidence." *Id.* at *3. In that case, however, the trial court's decision to strike the appellant's statement of the evidence was raised on appeal by the pro se appellant and followed a bench trial in which evidence was presented. *Id.* at *2 ("We are able to determine that [the appellant] assigns error to the trial court's failure to approve a statement of the evidence."). In contrast, because the hearing at issue here involved only a motion for summary judgment, no evidence was actually presented at the hearing. Moreover, Red Ink, which is represented by counsel, chose not to argue in any fashion that the trial court's decision to strike her statement of the evidence was an error on appeal. As such, any error by the trial court in failing to correct the deficiencies in Appellant's statement of the evidence is waived on appeal. *See generally* Tenn. R. App. P. 13(b) ("Review will generally only extend to those issues presented for review.").

[10] In a different section of its brief, Red Ink also asserts that the trial court erred in granting Appellees' motion for summary judgment where the motion was not accompanied by an affidavit. Red Ink cites no authority for this assertion, nor has our research revealed any. Rule 56.04 of the Tennessee Rules of Civil Procedure specifically states that summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, **if any**, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Emphasis added). The rule therefore makes clear that affidavits are not

## II.

Red Ink next contends that the trial court erred in granting summary judgment on its claims for tortious interference with a contract, inducement of breach of contract, and promissory fraud. In support of this argument, Red Ink cites three cases: one involving the summary judgment standard, ***Estate v. Brown***, 402 S.W.3d 193 (Tenn. 2013); one detailing the elements of unlawful inducement to breach a contract, ***Quality Auto Parts Co., Inc. v. Bluff City Buick Co., Inc.***, 876 S.W.2d 818 (Tenn. 1994); and one outlining the elements of promissory fraud, ***Shahrdar v. Global Housing, Inc.***, 983 S.W.2d 230 (Tenn. Ct. App. 1998).

Red Ink's argument, however, overlooks the actual basis of the trial court's grant of summary judgment: that Red Ink's claims, based on an alleged oral agreement to provide financing for a real estate development project, were barred by the statute of frauds, Tennessee Code Annotated section 29-2-101. In other words, the trial court ruled that Red Ink was simply not entitled to raise any claims predicated on Appellees' purported agreement to finance the development project in the absence of a written contract evidencing the agreement sufficient to satisfy the statute of frauds.[11] As such, the trial court's ruling was not based upon its determination that Red Ink failed to provide proof of the essential elements of its claims, but rather on its determination that an affirmative defense had been shown that was fatal to Red Ink's claims. *See **Waddle v. Elrod***, 367 S.W.3d 217, 223 (Tenn. 2012) ("[T]he Statute of Frauds is an affirmative defense.").[12]

Red Ink's brief, however, contains no legal authority as to the question of whether the statute of frauds is applicable to claims of tortious interference with a contract, inducement of breach of contract, and promissory fraud, or whether the undisputed facts

---

required where the record contains other evidence to support summary judgment. Here, Appellees relied on the documents that Red Ink attached to its complaint. Red Ink, of course, does not dispute the validity of these documents. We therefore discern no error in Appellees' summary judgment practice.

Red Ink also appears to assert that summary judgment was inappropriate where no discovery was conducted. After our review of the record, however, Red Ink made no request that summary judgment should be held in abeyance pending discovery. As such, this issue is waived. *See **Fayne v. Vincent***, 301 S.W.3d 162, 171 (Tenn. 2009) (holding that waiver applies where a party raises an issue for the first time on appeal); *see also **Martin v. Norfolk S. Ry. Co.***, 271 S.W.3d 76, 84 (Tenn. 2008) (stating that an appropriate way to respond to a motion for summary judgment is by submitting an affidavit explaining the necessity of additional discovery).

[11] For example, Red Ink's inducement to breach a contract claim is predicated on its allegation that by entering into an agreement to provide financing for the development project and then refusing to go forward with the agreement at such a late date as to prevent Red Ink from obtaining alternative financing, Appellees induced Red Ink to breach its contract with the sellers of the property. Likewise, Red Ink's promissory fraud claim is predicated on its allegation that Appellees promised to provide financing for the project with no intention to keep that promise.

[12] As previously discussed, the statute of frauds was properly raised in Appellee's answer to the complaint.

- 7 -

support application of the defense in this particular case. Rather, Red Ink's brief merely states that no written contract between Red Ink and Appellees was necessary to establish the elements of its causes of action and that the documents in the record constitute a written contract.[13] *See generally* **Shahrdar v. Global Housing, Inc.**, 983 S.W.2d 230, 238 (Tenn. Ct. App. 1998) (outlining the elements of a promissory fraud claim); **Quality Auto Parts Co., Inc. v. Bluff City Buick Co., Inc.**, 876 S.W.2d 818, 822–23 (Tenn. 1994) (describing the elements of an inducement to breach a contract claim). These conclusory assertions, unsupported by any legal authority concerning the application of the statute of frauds, however, amount to nothing more than a skeletal argument on this issue.

Rule 27 of the Tennessee Rules of Civil Procedure provides that briefs to this Court "shall contain" an argument that details "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on[.]" Tenn. R. App. P. 27(a)(7). Courts have routinely held that the failure to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. *See generally* **Forbess v. Forbess**, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) (quoting **Bean v. Bean**, 40 S.W.3d 52, 55–56 (Tenn. Ct. App. 2000)). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." **Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.**, 301 S.W.3d 603, 615 (Tenn. 2010); *see also* **Branum v. Akins**, 978 S.W.2d 554, 557 n.2 (Tenn. Ct. App. 1998) (internal citations omitted) ("Where a party makes no legal argument and cites no authority in support of a position, such issue is deemed waived and will not be considered on appeal.").

Here, Red Ink's brief fails to develop any argument regarding the statute of frauds, despite the fact that this doctrine was the foundation of the trial court's ruling. In failing to address the statute of frauds, Red Ink simply failed to address the dispositive questions in this appeal, i.e., whether the statute of frauds was applicable and if so, whether its requirements were met in this case. We have previously held that an appellant's failure to address in its brief the dispositive question on appeal results in a waiver. *See* **Davis v. Lewelling**, No. M2016-00730-COA-R3-CV, 2016 WL 6311799, at *5 (Tenn. Ct. App.

---

[13] In its reply brief, Red Ink briefly mentions the statute of frauds, noting that Appellees rely on the statute in their brief. Red Ink asserts, however, that the purpose of such reliance "is not known." Respectfully such an assertion is disingenuous as the trial court clearly relied on the statute of frauds in its order granting summary judgment. Moreover, reply briefs are not vehicles to correct deficiencies in initial briefs. *Cf.* **Adler v. Double Eagle Properties Holdings, LLC**, No. W2014-01080-COA-R3-CV, 2015 WL 1543260, at *6 (Tenn. Ct. App. Apr. 2, 2015) ("[A] reply brief simply is not a substitute for an initial brief to this Court.").

Oct. 27, 2016) ("In this case, Appellants have simply failed to draft any argument regarding the dispositive issue in this appeal: whether the trial court erred in granting [the movant's] dispositive motions regarding the claim of assault."). In the face of such a skeletal argument, were this Court to conclude that the statute of frauds is inapplicable, we would be required to largely construct Red Ink's argument for it. We decline to do so and instead rule that Red Ink waived any argument on this issue by its failure to develop sufficient argument to that effect.[14] Because the trial court ruled that all of Red Ink's claims were barred by the statute of frauds and any argument to the contrary is waived, we affirm the decision of the trial court.[15]

### III.

Finally, Appellees request an award of attorney's fees incurred on appeal pursuant to Tennessee Code Annotated section 27-1-122, which allows an award of attorney's fees when an appeal is frivolous or taken solely for delay. Appellees, however, did not designate this request as an issue on appeal. As such, we decline to award frivolous appeal damages in this case. *See generally* **Forbess v. Forbess**, 370 S.W.3d 347, 356 (Tenn. Ct. App. 2011) (holding an issue raised by the appellee was waived where it was not designated as an issue on appeal).

### Conclusion

The judgment of the Davidson County Circuit Court is affirmed and this cause is remanded to the trial court for all further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellant Red Ink Camel Company, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[14] Appellees also contend on appeal that Red Ink failed to comply with applicable rules of civil procedure and local rules in responding to the motion for summary judgment. In light of our ruling herein, any issue to that effect is pretermitted.

[15] We express no opinion as to the applicability of the statute of frauds to the claims at issue in this case.