W. T. RALEIGH CO. v. GARLAND et al.—120 S. W. (2d) 1005.

Eastern Section.   July 2, 1938.

Petition for Certiorari denied by Supreme Court, October 8, 1938.

Seiler & Hunter, of Elizabethton, and Williams, Winston & Guinn, of Johnson City, for appellant.

Allen, Nelson & Allen, of Elizabethton, for appellees.

McAMIS, J. Appellant, W. T. Raleigh Company, an Illinois corporation with an established place of business and doing business in Tennessee, filed the bill herein upon a judgment obtained before a justice of the peace of Blount County, Tennessee, to have declared fraudulent and void certain conveyances of real estate located in Carter County and to have said property subjected to the payment of said judgment. A purported certified execution from Blount County was exhibited with the bill. The Chancellor was of opinion and held that the certified execution exhibited with the bill was improperly certified and, further, that the conveyances attacked, though voluntary and without monetary considerations, were made without reference to the obligation due complainant and without any intention to defraud the creditors of the grantors. From this decree the W. T. Raleigh Company has appealed to this court and assigned errors.

Prior to January 2, 1932, complainant company was engaged in the manufacture and distribution of certain commodities. The medium of distribution appears to have been through merchants operating under special contract. One of its distributing agents was one T. J. Miller of Blount County. On January 2, 1932 the defendants, Holden Garland and D. C. Harrell, both of Carter County, Tennessee, became guarantors upon the Miller contract and agreed to become responsible to the obligee for all prior indebtedness then owing by Miller as well as for merchandise thereafter sold to Miller within the time covered by his contract. Garland and Harrell had previously become guarantors on a similar contract for Miller along with one Arwood. Arwood was released upon the execution of the contract of January 2, 1932, and, for that reason, the new contract was made to cover an accrued liability of $725.60 under the preexisting guaranty.

Miller defaulted after having become indebted to complainant in the sum of $844.79 and, the parties being unable to pay, on April 28, 1933 complainant agreed to accept Miller's note endorsed by Harrell and Garland due December 1, 1933. The note was reduced to judgment before a justice of the peace of Blount County on June 13, 1934. Execution was issued and returned nulla bona and this suit was instituted on October 2, 1936.

The first assignment of error is that the court erred in dismissing

complainant's bill upon the ground that it was a foreign corporation doing an intra-state business in Tennessee without having become legally domesticated in this State. We do not interpret the Chancellor's decree as dismissing the bill upon this ground. However, the contrary is assumed upon the briefs and, since defendants insist in the brief filed here that complainant cannot maintain this action because it is an undomesticated foreign corporation doing business in this State, an adjudication of this question is required.

The Chancellor alluded to the certificate of acknowledgment of the incorporators of the complainant corporation showing it to have been acknowledged before a justice of the peace in the State of Illinois and to the fact that the certificate of acknowledgment attached to an amendment to the charter fails to state that the official taking the acknowledgment was personally acquainted with the persons subscribing to the amendment; but pretermitted that question and dismissed the bill upon other grounds to be hereafter noticed.

Complainant has been operating as an Illinois corporation since the year 1895, having obtained a charter under the laws of that State on December 29, 1894. A certified copy of its charter bearing the certificate and seal of the Secretary of State of the State of Illinois was filed with the Secretary of State of the State of Tennessee on January 13, 1909 and complainant has since been operating in this State as a domesticated foreign corporation.

██ The laws of this State, both at the time of the incorporation of complainant and its domestication in this State, required corporate charters to be probated before the County Court Clerk and required the probating officer to be personally acquainted with the incorporators. However, foreign corporations desiring to domesticate in this State have never been required to have their charters probated according to the Tennessee form or before an official recognized as the only authority before whom domestic corporations may have their applications for charter probated.

Clearly, we think, when a foreign corporation produces and files with the Secretary of State of this State a certified copy of its charter bearing the certificate of the Secretary of State of a sister state, its corporate existence and the legality of its incorporation are matters to be assumed upon principles of comity. The probation of its charter is a matter affecting its corporate existence in the state of its domicile and, until the contrary is shown, must be presumed to be in regular legal form and according to the statutory requirements of the state of its creation. The presumption is that it would not have been granted a charter without complying with the statutory requirements.

To exclude foreign corporations from domesticating in this

State until they have procured and filed with the Secretary of State a charter of incorporation acknowledged according to the Tennessee requirements would make it impossible for many old and established corporations whose original incorporators may have died to domesticate here. We think of no reason of policy either justifying or authorizing the courts to raise such a bar. The legislature has fixed the mode and manner in which foreign corporations may become domesticated in this State by simply requiring them to file a certified copy of their charters of incorporation with the Secretary of State of this State. This is all that is required with respect to the form of its charter.

Cases cited by counsel for defendants relating to the probation of deeds according to the Tennessee form of acknowledgment, the land lying in this State, are not in point and we think complainant is entitled to maintain this action as a domesticated foreign corporation.

By the third assignment of error it is insisted that the Chancellor erred in basing his decree upon the insufficient certification of the execution from Blount to Carter County. We think this assignment is well made and must be sustained for the reason that, under the allegations of the original and amended bills, the action is essentially upon the judgment rendered before the justice of the peace of Blount County and the note upon which that judgment was rendered. The execution showing a nulla bona return was filed as an exhibit to the bill for the purpose, we presume, of showing the insolvency of the judgment debtors. This is otherwise shown by the proof and the insufficiency or lack of an accompanying certificate showing the authority of the issuing justice is an immaterial matter.

The remaining assignments of error go to the question of the validity of the conveyances attacked by the bill. We first consider the conveyances made by the defendant D. C. Harrell.

The bill is directed to four conveyances by Harrell. One of these conveyances was made in the year 1912 and two others appear to have been made for a good and valuable consideration. The fourth, a conveyance of an interest in 100 acres of land by the defendant D. C. Harrell to his mother Celia Harrell dated December 23, 1932 for a recited consideration of love and affection, is the only conveyance by Harrell mentioned in the assignments of error and supporting brief and, for this reason, will be the only conveyance by the defendant Harrell here considered.

This deed contains a provision in substance providing that title should revert to the grantor, D. C. Harrell, upon the death of the grantee. Harrell testified that, at the time of the execution of this deed, he was in ill health, having suffered a stroke of paralysis, and desired to provide for his mother in case he should predecease her.

We concur in the finding of the Chancellor that there was no actual intent to defraud complainant in the making of this transfer.

Section 7274 of the Code provides as follows: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration."

Section 7276 provides: "Every conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors."

At the time of the execution of the deed in question Harrell had become obligated as guarantor to the extent of $725.61 under the first contract and, in addition, for subsequently accruing indebtedness between January 2, 1932 and December 26, 1932, the date of the deed. No monetary consideration passed and, we think, under these sections of the Code this transfer must be held voluntary and void as to complainant since it appears that this transfer left Harrell without any property to respond to his obligations with the possible exception of real estate worth only about $100.

The defendant Celia Harrell did not testify and it does not appear that she knew of the obligation of D. C. Harrell to complainant but, the transfer being voluntary and without consideration, lack of knowledge on her part does not serve to validate the conveyance. 27 C. J., 509, Sec. 176.

We reach the same conclusion with respect to the three conveyances by Holden Garland. These conveyances were as follows: (a) Deed from Holden Garland and wife to Dolphie Garland, a son of the grantors, dated August 26, 1932 conveying twelve acres of land for a recited consideration of $1 and love and affection, (b) deed from Holden Garland and wife, Etter Garland, to Etter Garland, Dolphie Garland, Nanna Hughes, Carrie Garland and Daisy Garland, dated August 26, 1932, conveying two tracts of six and nine acres each for a recited consideration of $1 and love and affection, and (c) deed from Holden Garland and wife, Etter Garland, to Etter Garland, Dolphie Garland, Nanna Hughes, Carrie Garland and Daisy Garland, dated August 26, 1932, conveying one hundred and two and three-fourths acres, less twelve acres theretofore conveyed to Dolphie Garland, for a recited consideration of $1 and love and affection. .

All of these conveyances were made for a nominal consideration after Holden Garland has become obligated to complainant and were, therefore, voluntary and void as to it.

As to the foregoing conveyances, the assignments of error are sustained and the decree of the Chancellor reversed. A de-

cree will be rendered here declaring these conveyances void and remanding the case for enforcement of the decree by sale of the land, subject to homestead rights of the parties, if any, and a lien in behalf of the grantees for improvements placed upon the property after the conveyances were made, to be determined, if necessary, by an order of reference. Costs of appeal will be taxed to appellees. Costs below will be likewise taxed and paid from the proceeds of the sale.

Portrum and Ailor, JJ., concur.