IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 11, 2021 Session

## DIVERSIFIED FINANCIAL SERVICES LLC v. JEFFREY WAYNE DANIELS

**Appeal from the Chancery Court for Lauderdale County**
**No. 15804     William C. Cole, Chancellor**

_____

### No. W2020-00826-COA-R3-CV

_____

Defendant appeals the trial court's decision to grant summary judgment to the plaintiff in this breach of contract case. Because Appellant failed to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee, we dismiss this appeal and remand to the trial court for a determination of the plaintiff's damages incurred in defending a frivolous appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed and Remanded**

J. STEVEN STAFFORD, P. J., W.S., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and CARMA DENNIS MCGEE, JJ., joined.

Daniel Lofton, Memphis, Tennessee, for the appellant, Jeffrey Wayne Daniels.

Gregory C. Logue and Lindy D. Harris, Knoxville, Tennessee, for the appellee, Diversified Financial Services, LLC.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## I. FACTUAL AND PROCEDURAL HISTORY

On July 23, 2018, Plaintiff/Appellee Diversified Financial Services LLC ("DFS") filed a complaint for breach of lease against Defendant/Appellant Jeffrey Wayne Daniels ("Appellant" or "Mr. Daniels"). The lease involved a "used 2016 Hardi Saritor 5000 Self Propelled Sprayer" ("the Equipment"). DFS asked that it be awarded possession of the Equipment, as well as a judgment for $192,433.80, plus prejudgment interest, late fees, and attorney's fees.

Appellant answered on September 20, 2018, denying that the Equipment was in his possession and in fact asserting that it did "not exist." Appellant also filed a motion to dismiss the complaint on the basis that the lease "was procured through [the] criminal fraud" of a third-party. According to Appellant, this third-party never delivered the Equipment, instead delivering "a sprayer of unknown origins" bearing a different serial number. Appellant asserted that the third-party was under criminal investigation and was a necessary party to the action; because the third-party had not been joined, Appellant asserted that the action "must be dismissed pursuant to [Tennessee Rule of Civil Procedure] 12.02(7)."[2]

DFS filed a motion for summary judgment on July 22, 2019, arguing that the undisputed facts demonstrated that Appellant executed the lease agreement, but defaulted on his obligations thereunder. In support of its motion, DFS relied on the written lease agreement, various depositions and affidavits, a statement of undisputed material facts, and a memorandum of law.

What happened next is not entirely clear from the record.[3] According to DFS, the motion was set for hearing on August 20, 2019. DFS contends, however that Appellant did not respond to the motion for summary judgment until the morning before the hearing, when his counsel emailed DFS to state that he would be unavailable for the hearing due to a conflict he had in another county. On the morning of the hearing, according to DFS, the trial court conducted a hearing by telephone and advised Appellant's counsel to promptly file a response to the motion for summary judgment. The matter was apparently reset for December 18, 2019.

In any event, Appellant eventually filed a response to DFS's motion and statement of undisputed facts on September 6, 2019. Therein, Appellant asserted that summary judgment should be denied because material facts were in dispute and there was no

---

[2] Rule 12.02(7) of the Tennessee Rules of Civil Procedure allows a party to raise the defense of "failure to join a party under Rule 19" by written motion. Rules 19.01 through 19.04 govern the joinder of parties.

[3] The facts concerning the first summary judgment hearing are not contained in the record except to the extent that they are cited in a later response filed by DFS. But Appellant does not specifically dispute DFS's version of the events concerning the first motion for summary judgment.

enforceable contract between the parties. Although Appellant responded to DFS's statement of undisputed facts, the response did not include any specific citations to the record, did not attach any additional proof, and it did not specifically set forth any additional facts to be considered. On December 17, 2019, Appellant filed an emergency motion to stay the civil proceedings pending the outcome of the criminal prosecution of the third-party who had never been made a party to this lawsuit.

The trial court heard oral argument on DFS's motion on December 18, 2019. At the conclusion of the hearing, the trial court orally ruled that summary judgment should be granted in favor of DFS. A written order memorializing the oral ruling was entered on January 27, 2020. Therein, the trial court ruled that there were no material facts in dispute and that DFS was entitled to judgment as a matter of law in the amount of $192,433.80.

Appellant filed his first motion to alter or amend before a written judgment had been entered, on January 16, 2020. Therein, Appellant argued that the trial court failed to consider his argument that there was a lack of consideration for the promise to pay under the lease, as he asserted that he never received the Equipment. Appellant filed a second motion to alter or amend on February 26, 2020, again arguing that there was a lack of consideration. DFS filed a response to both motions on April 9, 2020. According to DFS, neither motion was properly served on DFS; instead, DFS asserted that it only received notice of both motions on March 5, 2020. DFS argued that the motions failed to comply with the Tennessee Rules of Civil Procedure and local rules concerning service. Moreover, DFS argued that the motions were substantively without merit.

The post judgment motions were heard in a telephonic hearing on April 30, 2020. The trial court denied both motions by order of May 14, 2020, finding the motions procedurally deficient, violative of the rules of civil procedure, and improperly served. Moreover, the trial court found that the motions lacked substantive merit, as the failure of consideration had not been pled as an affirmative defense and the record contained evidence of consideration. Finally, the trial court ruled that the order was not void on its face.

The trial court entered an amended order granting summary judgment on May 14, 2020, providing additional legal reasoning for the decision. The amended order detailed the undisputed material facts that entitled DFS to judgment as a matter of law. Moreover, the order noted that Appellant provided no countervailing evidence to dispute the material facts set forth by DFS, which demonstrated it was entitled to judgment under the contract. As such, the trial court awarded DFS a judgment of $192,433.80, plus costs.[4] Appellant

---

[4] DFS requested possession of the Equipment, an award of attorney's fees, and interest in its complaint. The trial court's final order does not address these requests except to state that the judgment "resolves all issues in this case and is a final disposition of this matter[.]" Generally, an order that does not adjudicate a request for attorney's fees is not a final order. *See, e.g.*, **City of Jackson v. Hersh**, No. W2008-02360-COA-R3-CV, 2009 WL 2601380, at *4 (Tenn. Ct. App. Aug. 25, 2009) ("This Court has concluded

then appealed.

## II.     ISSUES PRESENTED

Appellant raises a single, rather editorialized, issue in this appeal, which is taken and slightly restated from his appellate brief:

It is possible for a lease contract for farm equipment and a final judgment rendered thereon to remain final in spite of the lessor's admission that no equipment whatsoever was in fact delivered – in other words can a total lack of consideration nevertheless create an enforceable contract simply by virtue of procedural defects in the presentation of the Appellant's defense in trial court?

In contrast, DFS frames the issues that should be considered by this Court as follows:

1. Whether Appellant's appeal should be dismissed for failure to sufficiently comply with the Tennessee Rules of Appellate Procedure.

2. Whether the trial court was correct in denying Appellant's motion to set aside the order granting summary judgment.

3. Whether the present appeal is frivolous and damages should be awarded against Appellant for fees incurred by DFS.

## III.     ANALYSIS

### A.

We begin with the first issue raised by DFS, as it is dispositive of much of this appeal. Rule 27 of the Tennessee Rules of Appellate Procedure specifically provides that an appellant's brief "shall contain":

(1) A table of contents, with references to the pages in the brief;
(2) A table of authorities, including cases (alphabetically arranged), statutes

---

on several occasions that an order that fails to address an outstanding request for attorney's fees is not final."). However, DFS does not raise as an issue on appeal the trial court's implicit denial of its requests for possession, attorney's fees, or interest. As such, it appears that DFS has abandoned these claims on appeal. Under these circumstances, even if the trial court's judgment was not final, we conclude that good cause exists to suspend the finality requirements of this Court in order to adjudicate this appeal. *See* ***Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990) (holding that the finality requirement may be suspended under Rule 2 of the Tennessee Rules of Appellate Procedure).

and other authorities cited, with references to the pages in the brief where they are cited;

\* \* \*

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a). Similarly, Rule 6 of the Rules of the Court of Appeals of Tennessee requires an appellate brief to include "[w]ritten argument in regard to each issue on appeal" with the following:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

Tenn. R. Ct. App. 6(a).

The brief filed on behalf of Appellant is woefully deficient. First, Appellant's brief is completely devoid of citations to the record on appeal. *See* Tenn. R. App. P. 27(a)(7)(a). As explained by Rule 6 of the Rules of the Court of Appeals of Tennessee:

> No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. R. Ct. App. 6(b). Here, Appellant fails to include any references to the appellate record wherein the trial court's allegedly erroneous action may be found.

Appellant's brief also contains neither a table of authorities nor a table of contents. *See* Tenn. R. App. P. Rule 27(a)(1), (2). The failure to include a table of authorities is not altogether surprising, as Appellant cites nothing more than Rule 1 of the Tennessee Rules of Civil Procedure and a single case from 1938 to support his assertion that substance should prevail over form in determining whether there was consideration in this case. *See generally* Tenn. R. Civ. P. 1 ("These rules shall be construed to secure the just, speedy, and inexpensive determination of every action."); ***W. T. Raleigh Co. v. Garland***, 22 Tenn. App. 256, 120 S.W.2d 1005 (Tenn. Ct. App. 1938).

Respectfully, Appellant's brief lacks both substance and form. Here, the trial court ruled that Appellant's affirmative defense of failure of consideration was not properly pleaded; Appellant cites no legal authority, and indeed, makes no cogent argument, to demonstrate that the trial court erred in this ruling. Appellant also wholly fails to address the trial court's ruling that summary judgment was appropriate because he failed to offer countervailing proof to dispute the facts set forth by DFS. Nor does he explain how the trial court erred in denying his post-judgment motions. Finally, Appellant's brief contains no statement concerning the applicable standard of review, a relevant consideration given that motions for summary judgment and motions to alter or amend are reviewed under different standards.

Clearly, Appellant's argument fails to comply with Rule 27(a). *See* Tenn. R. App. P. 27(a)(7) (requiring written argument supported by authority and "a concise statement of the applicable standard of review"). Instead, much of Appellant's brief involves requests to this Court to take judicial notice of legal principles that he has failed to make any effort to research or support, likening his argument to a "first day of law school matter." We decline Appellant's invitation to perform his work for him or to excuse him from the clear and unequivocal rules of this Court to which even self-represented litigants are expected to adhere. *See generally* ***Hessmer v. Hessmer***, 138 S.W.3d 901, 903–04 (Tenn. Ct. App. 2003) ([T]he courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.").

"It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support

of his or her contention or merely constructs a skeletal argument, the issue is waived." ***Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010). "Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." ***Forbess v. Forbess***, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) (quoting ***Bean v. Bean***, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000)); *see also **Tellico Village Property Owners Ass'n, Inc. v. Health Solutions, LLC***, No. E2012-00101-COA-R3-CV, 2013 WL 362815, at \*3 (Tenn. Ct. App. Jan. 30, 2013) (no perm. app. filed) (quoting ***Branum v. Akins***, 978 S.W.2d 554, 557 n.2 (Tenn. Ct. App. 2001)) ("'Where a party makes no legal argument and cites no authority in support of a position, such issue is deemed to be waived and will not be considered on appeal.'"). The appellee is entitled to fair notice of the appellate issues so as to prepare his or her response, and more importantly, "this Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed." ***Owen v. Long Tire, LLC***, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at \*4 (Tenn. Ct. App. Dec. 22, 2011).

Respectfully, Appellant's brief fails to comply in any meaningful way with either Rule 27 of the Tennessee Rules of Appellate Procedure or Rule 6 of the Rules of the Court of Appeals of Tennessee. Given the general lack of argument contained therein, it would be generous to characterize Appellant's arguments on appeal as even skeletal. Simply put, Appellant failed to meet his burden to set forth a cogent argument showing where and how the trial court erred in its decision. Under these circumstances, we must conclude that the deficiencies in Appellant's brief deprive this Court of the ability to review the trial court's decision. This appeal is, therefore, dismissed.

**B.**

As a final matter, DFS seeks an award of damages under Tennessee Code Annotated section 27-1-122:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

A frivolous appeal is one that is devoid of merit or has no reasonable chance of success. ***Robinson v. Currey***, 153 S.W.3d 32, 42 (Tenn. Ct. App. 2004). "[A]n Appellant who fails to cite to any authority on appeal to support a reversal of a trial court's findings, especially when even cursory research would reveal the state of the law in this state, runs the risk of having his appeal deemed frivolous by this Court." ***GSB Contractors, Inc. v. Hess***, 179 S.W.3d 535, 548 (Tenn. Ct. App. 2005) (citing ***Wells v. Sentry Ins. Co.***, 834

S.W.2d 935, 938 (Tenn. 1992)). "Failure to cite any evidence or rule of law entitling the appealing party to relief is one indicator that the appeal may be frivolous." *Jackson v. Aldridge*, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999) (citing *Wells*, 834 S.W.2d at 938–39).

Here, Appellant filed a brief in which the required substance spanned a mere one-and-one-half pages.[5] The brief fails to comply with the procedural rules applicable in this Court and makes little effort to demonstrate why the trial court's rulings should be reversed. Under these circumstances, we agree with DFS that Appellant's appeal is frivolous. Accordingly, on remand, the trial court shall award "just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal." Tenn. Code Ann. § 27-1-122. All other issues are pretermitted.

## IV.    CONCLUSION

This appeal is hereby dismissed, and this matter is remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellant Jeffrey Wayne Daniels, for which execution may issue, if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[5] Appellant's brief contains an extra page, which includes a certificate of interested parties and a statement of assignment. Neither are required by our rules.