IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 5, 2026

## KEVIN CARNETT v. STATE OF TENNESSEE ET AL.

**Appeal from the Circuit Court for Chester County**
**No. 24-CV-28          Donald H. Allen, Judge**

————————————————————————

### No. W2025-00373-COA-R3-CV

————————————————————————

We do not reach the merits of the appeal due to Appellant's failure to comply with the briefing requirements outlined in Tennessee Rule of Appellate Procedure 27(a), and Rule 6 of the Rules of the Court of Appeals of Tennessee.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ROY B. MORGAN, JR., SR. J., delivered the opinion of the court, in which ANDY D. BENNETT and KRISTI M. DAVIS, JJ., joined.

Kevin Lee Carnett, Pinson, Tennessee, appellant, pro se.

Jonathan Skermetti, Attorney General and Reporter, and Mary Elizabeth McCullohs, Senior Assistant Attorney General, for the appellees, State of Tennessee, Tennessee Board of Parole, Mark Davidson (District Attorney General 25th Judicial District), Jody Pickens (District Attorney General 26th Judicial District), and Chadwick Wood (Assistant District Attorney General 26th Judicial District).

Nathan D. Tilly and Dylan E. Sutherland, Jackson, Tennessee, for the appellees, Madison County, Tennessee, and McNairy County, Tennessee.

Haynes T. Russell, Jackson, Tennessee, for the appellee, Chester County, Tennessee.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion

# I. Background

Before filing the instant lawsuit in the Circuit Court for Chester County ("trial court"), Appellant Kevin Lee Carnett filed an action in the United States District Court for the Western District of Tennessee (the "District Court"). The federal lawsuit was brought against Chester County, the Chester County Sheriff's Department, and multiple Sheriff's Department personnel, asserting claims under the Fourth, Fifth, Eighth, and Fourteenth Amendments. Mr. Carnett also asserted Tennessee law claims for negligence, false imprisonment, negligent infliction of emotional distress, invasion of privacy, and unlawful search and seizure. The following facts gave rise to Mr. Carnett's lawsuit:

> In October 2019, the Chester County Sheriff's Office was investigating a break-in and possible theft. An eyewitness provided a description of the suspect and his vehicle, which was registered to Carnett and his wife. Investigators learned that Carnett's son, Colton, also drove the vehicle, and the witness to the break-in identified Colton from a photo lineup. Investigators further learned that Colton had an active arrest warrant with an address listed in Chester County ("the residence"). Using a local law-enforcement database, investigators confirmed that Colton lived at the residence.
>
> Based on this information, Sheriff's Office personnel went to the residence. Upon arriving, they saw the suspect vehicle in the driveway. A woman was standing outside the residence, speaking to someone inside. As deputies approached, the door closed. After obtaining backup, the deputies entered the residence and saw, in plain view, marijuana remnants, prescription bottles prescribed to a McNairy County resident, a black metal lockbox, and a black container with cremated human remains and a funeral-home label. Initially, the deputies could not find Colton. They did, however, find a footprint on top of a computer tower under an attic access door. After attempting to open the attic without success, deputies created a tennis ball-sized hole to obtain a view of the inside of the attic, where they found and ultimately arrested Colton.
>
> Deputies then contacted the McNairy County Sherriff's Office and were advised that the owner of the prescription bottles was recently the victim of a burglary that resulted in the theft of, among other things, prescription bottles, the cremated remains of the victim's father, and a black lockbox containing personal information and property. Deputies therefore decided to obtain a search warrant to authorize a further search of the property. While the deputies were waiting, Carnett's neighbor notified him

would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

that deputies were at the residence. When Carnett arrived, deputies told him that he could not enter the property because they were awaiting a search warrant that was "on the way." The warrant arrived, and the deputies provided Carnett with a copy. The deputies collected the stolen property and other potential evidence of Colton's criminal activity.

*Carnett v. Chester Cty., Tennessee*, No. 23-5951, 2024 WL 4675361, at \*1 (6th Cir. Sept. 5, 2024). The District Court granted the defendants' motions for summary judgment, and Mr. Carnett appealed to the Sixth Circuit, which affirmed the District Court. *Id.*

Having lost his appeal to the Sixth Circuit, on October 30, 2024, Mr. Carnett filed the instant lawsuit in the trial court. In his complaint, Mr. Carnett asserted numerous tort and state civil-rights claims against the State of Tennessee, Tennessee Board of Parole, Mark Davidson (District Attorney General 25th Judicial District), Jody Pickens (District Attorney General 26th Judicial District), Chadwick Wood (Assistant District Attorney General 26th Judicial District), Madison County, Tennessee, McNairy County, Tennessee, and Chester County, Tennessee (together, "Appellees"). In addition to causes of action related to the October 2019 execution of the search warrant and arrest warrant, Mr. Carnett also challenged his son's prior prosecutions and denial of parole by McNairy County and Chester County. Mr. Carnett further asserted that Appellees engaged in tortious and negligent acts that resulted in due process violations, malicious prosecution, and other civil-rights violations against him and his son.

Appellees moved for dismissal under Tennessee Rule of Civil Procedure 12.02. As grounds for dismissal, Appellees asserted: (1) res judicata and collateral estoppel based on Mr. Carnett's 2020 federal lawsuit asserting similar claims based on the same facts alleged in the instant lawsuit; (2) sovereign, prosecutorial, and state-employee immunities; (3) lack of subject-matter jurisdiction to hear negligence or tort claims against the State; (4) Mr. Carnett's lack of standing to bring claims on behalf of his son; and (5) running of the relevant statutes of limitations. Mr. Carnett opposed the motion to dismiss and reasserted an earlier request that the judge recuse. By separate orders entered on February 14, 2025, the trial court: (1) denied Mr. Carnett's motion to recuse; (2) denied Mr. Carnett's motion to add his son as a co-plaintiff; and (3) granted Appellees' motion to dismiss Mr. Carnett's lawsuit on grounds of sovereign immunity, prosecutorial immunity, res judicata, and running of the statutes of limitations. Mr. Carnett filed a timely notice of appeal to this Court.

## II. Issues

Mr. Carnett raises the following issues for review:[2]

---

[2] In his appellate brief, Mr. Carnett lists his appellate issues under the header "Legal Argument,"

17. Did the trial court err in dismissing the claims of double jeopardy, negligence, abuse of process and vindictive, malicious, and selective prosecution.

18. Did the trial court err in denying Plaintiff's motion to amend complaint and adding his son as a co-plaintiff.

19. Did the trial court err in denying Plaintiff s right to a Special Judge.

20. Did the Trial Court err in denying Plaintiff's motion to add additional defendants.

21. Do the Chester County Tennessee Defendants have a right to keep personal property of the Plaintiff/Appellant. What remedies are available for Plaintiff to get his computers and other items back.

22. Does the Appellant have a right to make a claim of malicious prosecution and abuse of process if he was vindictively listed as a victim for case 17-Cr-45, which was one of many indictments signed by Jody Pickens of the State of Tennessee.

23. Does the re-appearance of the 18-CR-66 case violate the double jeopardy clause, and abuse of process, if the State of Tennessee case was dismissed.

24. Did the Court overlook the fact that most of the claims plaintiff brought occurred while the federal lawsuit phase was ongoing, NOT back in October of 2019 as the Defendants claimed in nearly all their responses and signed proposed orders. If the events (mentioned in this complaint) happened after the October 2019 incident and continued up until the year 2024, then the Defendants cannot rely on the October 2019 defense in the objections. The Judge cannot rule that statute of limitations apply to all of Plaintiff's claims, especially if some or all of the defendants withheld important information (such as the actual investigative videos). (SEE flash drive pg140-143 "Motion to submit audio/video evidence") all of this NEWLY DISCOVERED information should have been given to the Plaintiff back in the federal lawsuit, but the Pentecost Law Firm withheld the important information, including the Madison County Community Corrections information that would have changed the course of the previous federal suit.

(Emphases in original).

### III. Pro Se Status

We are aware that Mr. Carnett is representing himself in this appeal. This Court has explained the rights and responsibilities of pro se litigants, to-wit:

---

and he attempts to make arguments concerning these issues under the header "Statement of the Issues." This transposition is not fatal to his appeal.

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

***Murray v. Miracle***, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014) (quoting ***Young v. Barrow***, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (internal citations omitted)); *see also* ***Hessmer v. Hessmer***, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Consequently, a pro se litigant should not "be permitted to shift the burden of the litigation to the courts or to their adversaries." ***Young***, 130 S.W.3d at 63. Further, a pro se litigant must comply with the same rules that lawyers must observe. ***Watson v. City of Jackson***, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014).

## IV. Briefing

As an initial matter, Appellees contend that Mr. Carnett's appeal should be dismissed based on his failure to comply with the briefing requirements set out in Tennessee Rule of Appellate Procedure 27(a) and Rule 6 of the Rules of the Court of Appeals of Tennessee. We agree.

Tennessee Rule of Appellate Procedure 27(a) provides, in relevant part, that:

The brief of the appellant **shall** contain . . .

***

(7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on . . .
(8) A short conclusion, stating the precise relief sought.

(emphasis added).[3] Similarly, Rule 6 of the Rules of the Court of Appeals of Tennessee

---

[3] Mr. Carnett's brief also fails to comply with Tennessee Rule of Appellate Procedure 27(6) because it contains no "statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record." Because we conclude that the lack of an argument, under Rule 27(f),

provides that:

> (a) Written argument in regard to each issue on appeal shall contain:
>
> (1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.
>
> (2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
>
> (3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
>
> (4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

Tenn. R. Ct. App. 6(a)(1)-(4).

As noted above, the only portion of Mr. Carnett's brief that we could construe as an "argument" section is set out under the header "Statement of the Issues." As set out above, Mr. Carnett's appellate issues concern the trial court's: (1) dismissal of his claims for "double jeopardy, negligence, abuse of process and vindictive, malicious, and selective prosecution"; (2) denial of Mr. Carnett's motion(s) to amend his complaint to add his son as a co-plaintiff and to add additional defendants; (3) denial of Mr. Carnett's motion to appoint a special judge, *i.e.* denial of his motion for recusal; and (4) application of the statutes of limitations. In addition, Mr. Carnett asserts that his personal property was improperly retained after execution of the search warrant. The only portions of Mr. Carnett's brief that specifically address the foregoing issues are as follows:

> 4. Plaintiff/Appellant files this appeal and respectfully asks for a review of Judge Don Allen's decision to dismiss this case in its entirety. The trial court could have erred in dismissing Appellant's claims of double jeopardy, malicious/selective prosecution, abuse of process, and most of all negligence. The trial court could have erred in denying Plaintiff/Appellant's motion to amend the original complaint. The issues raised occurred while the federal civil case was ongoing and some claims mentioned in the State complaint

___

negates our ability to adjudicate Mr. Carnett's appeal, we do not address the absence of a "statement of facts" section in his brief.

occurred after the discovery phase of the federal suit was completed.

\*\*\*

7. The trial court could have erred in denying Plaintiff/Appellant's motion for Colton Carnett to intervene and be added as a co-plaintiff (see Record Volume 4 pages 483-491) The trial court had a hearing on the motion to recuse, without providing a notice of hearing on the motion to recuse. If the (reasons) for the motion to recuse [] Judge Don Allen are still (continuing with no correction) (and also involved Colton Carnett) can the trial court Judge still be recused . . . .

8. Did the trial court make a proper ruling on equitable tolling of the statute of limitations. Based on newly discovered evidence, and withheld evidence, did the Plaintiff/Appellant have grounds for equitable tolling of State statutes. Did the trial court properly make a ruling on Appellant's motion to add defendants as seen in (Record Volume 4 Pages 479-482) If the Chester County Defendants withheld the requested information as seen in (Record Volume 6 pages 680-704) and requests, thereafter, are these grounds for tolling the statute of limitations.

9. Did the Plaintiff/Appellant properly state a claim for malicious prosecution, fraud and negligence, by showing the State of TN brought an indictment against his son (Case 17-cr-45) showing Plaintiff as a victim of a crime committed by his son, Colton Carnett. Did the Plaintiff have any rights to sue for negligence due to the State putting a no-contact order, preventing Plaintiff from seeing his son while incarcerated.

\*\*\*

13. A lot more happened in this civil complaint, but Plaintiff can only focus on what he can prove. The facts and evidence submitted in each of his motions in the trial court (and the flash drive material) are enough to prove the claims brought forth throughout his original and proposed amended complaint.

\*\*\*

15. Plaintiff/Appellant made a valid claim of double jeopardy, negligence, and prosecutorial abuse as well as abuse of process. Plaintiff/Appellant has shown that the State of Tennessee Defendants have used convictions (17-cr-45, 17-cr-44, and 18-cr-66) to enhance a charge of possession of meth (21-CR-29).

The foregoing statements do not constitute valid appellate arguments as contemplated

under the rules of appellate procedure and the rules of this Court. In the first instance, under Tennessee Rule of Appellate Procedure 27(a)(7)(A), Mr. Carnett was required to set out his "contentions . . . with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief." As set out in context above, Mr. Carnett does not outline a specific error on the part of the trial court. Rather, he asserts broadly that the trial court "could have erred" and vaguely asks, "Did the trial court make [] proper" rulings. Under the rules of appellate briefing, Mr. Carnett is charged with specifying how the trial court erred. He could have done this by addressing the bases for the trial court's grant of Appellees' motion to dismiss. As noted above, the trial court's decision was based on application of the doctrines of sovereign immunity, prosecutorial immunity, res judicata, and on the tolling of the statutes of limitations. Mr. Carnett does not state exactly how the trial court misapplied these doctrines; he simply asserts that it did. Mere assertions are not appellate arguments. Rather, Tennessee Rule of Appellate Procedure 27(a) requires the appellant's brief to include "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief." Likewise, under Rule 6(a)(1) of the Rules of the Court of Appeals of Tennessee, the appellant must provide "a statement . . . of the alleged erroneous action of the trial court which raises the issue and a statement . . . of any action of the trial court which is relied upon to correct the alleged error." Mr. Carnett's brief does not satisfy these criteria.

In addition to the foregoing, Mr. Carnett wholly fails to cite any authority in support of his "arguments" as required under Rule 27(a). Furthermore, although Mr. Carnett's brief contains some citations to the record, none of the citations show "how [Mr. Carnett's] alleged error[s] [were] seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded." Tenn. R. Ct. App. 6(a)(2). Finally, Mr. Carnett's brief contains neither "[a] short conclusion, stating the precise relief sought," Tenn. R. App. P. 27(a)(8), nor "[a] statement reciting wherein appellant was prejudiced by [the] alleged error[s], with citations to the record showing where the resultant prejudice is recorded." Tenn. R. Ct. App. 6(a)(3).

It is well settled that, "Where a party makes no legal argument and cites no authority in support of a position, such issue is deemed waived and will not be considered on appeal." *Branum v. Akins*, 978 S.W.2d 554, 557 n.2 (Tenn. Ct. App. 1998) (internal citations omitted). Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by the rules of appellate practice constitutes a waiver of the issue. *Forbess v. Forbess*, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) (quoting *Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000)). Indeed, under Rule 6(b) of the Rules of the Court of Appeals of Tennessee,

> [n]o complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will

be considered on appeal unless the argument contains reference to the page or pages of the record where evidence of such fact is recorded.

In ***Lacy v. Vanderbilt University Medical Ctr.***, No. M2018-00832-COA-R3-CV, 2019 WL 1450390 (Tenn. Ct. App. April 1, 2019), this Court dismissed appellant Deborah Lacy's appeal for failure "to comply with the requirements of Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6." ***Id.*** at *2. As in the instant case, in ***Lacy***, the appellant's failure "to comply with the basic briefing requirements set out in the Tennessee Rules of Appellate Procedure, [rendered] this Court [unable to] ascertain the gravamen of [his] arguments." ***Id.*** at *3. Due to the lack of compliance with the briefing rules, we cannot proceed with appellate review. As we have previously cautioned:

> "[T]his Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed." [***Owen v. Long Tire, LLC***, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011)]. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." ***Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010).
>
> "[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the [appellant] did not comply with the rules of this Court." ***Bean***, 40 S.W.3d at 54-55 (citing ***Crowe v. Birmingham & N.W. Ry. Co.***, 156 Tenn. 349, 1 S.W.2d 781 (1928)). "[A]ppellate courts may properly decline to consider issues that have not been raised and briefed in accordance with the applicable rules." ***Waters v. Farr***, 291 S.W.3d 873, 919 (Tenn. 2009). "We have previously held that a litigant's appeal should be dismissed where his [or her] brief does not comply with the applicable rules, or where there is a complete failure to cite to the record." ***Commercial Bank, Inc. v. Summers***, No. E2010-02170-COA-R3-CV, 2011 WL 2673112, at *2 (Tenn. Ct. App. July 11, 2011).

***Clayton v. Herron***, No. M2014-01497-COA-R3-CV, 2015 WL 757240, at *2-3, (Tenn. Ct. App. Feb. 20, 2015).

### V. Conclusion

For the foregoing reasons, the appeal is dismissed. Costs of the appeal are assessed to the Appellant, Kevin Lee Carnett. Execution for costs may issue if necessary.

s/ Roy B. Morgan, Jr.
ROY B. MORGAN, JR., SENIOR JUDGE
